**TRAVERSE BAY AREA INTERME-DIATE SCHOOL DISTRICT,**
Plaintiff,

v.

**HITCO, INC., et al., Defendants.**

**Nos. 1:89–CV–0958, 1:89–CV–1189.**

United States District Court,
W.D. Michigan, S.D.

April 29, 1991.

Haskell H. Shelton, Jr., Midland, Mich., for Traverse Bay Area Intermediate School Dist.

Joseph C. Basta, David L. Tripp, Grant P. Gilezan, Dykema Gossett, Detroit, Mich., for Hitco, Inc.

David M. Kipley, Brott, Conaway & Kipley, P.C., Acme, Mich., for Asgard, Inc.

R. Edward Kuhn, Menmuir, Zimmerman, Kuhn & Bearup, Traverse City, Mich., for Traverse City Area Industrial Fund, Inc.

Charles C. Cheatham, Ralph W. Waechter, Cheatham & Acker, P.C., West Bloomfield, Mich., Ralph W. Waechter, Pittsburg, Pa., for Alcoa Weld Wire Co., Inc.

Charles C. Cheatham, Cheatham & Acker, P.C., West Bloomfield, Mich., for Aluminum Technology, Corp.

OPINION

BENJAMIN F. GIBSON, Chief Judge.

Plaintiff Traverse Bay Area Intermediate School District brought the present action against defendants Hitco, Inc., *et al.* to recover environmental clean up costs under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"). 42 U.S.C. §§ 9601 *et seq.* Presently pending is defendant Hitco, Inc.'s ("Hitco") motion to dismiss the complaint against defendant Parsons Corporation ("Parsons").

I.

The facts relevant to this motion are simple. For over twenty years, Parsons designed and manufactured helicopter rotor blades on property it owned in Traverse City, Michigan. Hitco acquired Parsons as a wholly-owned subsidiary in 1968. On June 15, 1976, Parsons sold its Traverse City property to Traverse City Area Industrial Fund, Inc., which transferred the property to plaintiff. Plaintiff currently runs a vocational school at that site.

Plaintiff alleges that during the time Parsons owned the property it polluted the soil and groundwater with perchloroethylene and trichloroethylene. As such, it is liable to plaintiff for remediation costs under CERCLA. However, on October 21, 1977, Parsons was dissolved and its assets were allegedly distributed to its shareholders. Parsons filed its certificate of dissolution with the Michigan Department of Commerce on December 21, 1977. Defendant asserts that Michigan law precludes maintenance of a cause of action against a defunct corporation. Plaintiff maintains that given the broad remedial scope of CERCLA and its definition of who may be liable, a CERCLA action may be maintained against Parsons.

II.

Defendant's motion to dismiss is brought pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion under Rule 12(b)(6) tests whether a claim has been adequately stated in the complaint. The Court's in-

quiry at this point, before the reception of any evidence by affidavit or admission, is merely whether the challenged pleading sets forth allegations sufficient to make out the elements of a right to relief. In making this determination, the allegations in the pleading are taken at "face value", *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 515, 92 S.Ct. 609, 614, 30 L.Ed.2d 642 (1972), and should be construed favorably to the pleader. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The court must deny the motion to dismiss unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir.1983), *cert. denied*, 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

### III.

CERCLA broadly establishes the liability of owners and operators of hazard waste processing and disposal facilities. The relevant portion of the statute states:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section—
>
> > (2) any person who at the time of disposal of any hazardous substances owned or operated any facility at which such hazardous substances were disposed of, ... shall be liable

42 U.S.C. § 9607(a)(2). The term "corporation" falls within CERCLA's definition of "person." 42 U.S.C. § 9601(21). Likewise, the fact that the corporation which owned the facility at the time of disposal has been dissolved is not a defense enumerated in Section 9607(b). However, under Michigan law a dissolved corporation may not be sued once it has completely wound up its affairs and distributed its assets. M.C.L.A. § 450.1851(2). The question before the Court is whether the broad liability imposed by CERCLA coupled with the explicit provision that liability attaches "[n]otwith-

standing any other provision or rule of law" permits a plaintiff to maintain a CERCLA lawsuit against a dissolved corporation.

The Court has found exactly four federal cases dealing with this issue. First, in *Levin Metals Corp. v. Parr–Richmond Co.*, 817 F.2d 1448 (9th Cir.1987), the court determined that Federal Rule of Civil Procedure 17(b) controls. That Rule provides that "[t]he capacity of a corporation to sue or be sued shall be determined by the law under which it was organized." Because in that case California law precluded suits against dissolved corporations, the lawsuit was dismissed.

Next, the Federal District Court for the District of Utah determined that the *Levin Metals* result had the effect of thwarting congressional intent. Because CERCLA is to be construed broadly and liberally to effect its purposes and Section 9607(a) specifically supersedes rules of law to the contrary, it was found to preempt state law pertaining to the capacity of dissolved corporations to be sued. *United States v. Sharon Steel*, 681 F.Supp. 1492, 1495–96 (D.Utah 1987). The court was careful in that case to note, however, that the corporation involved was dead but not buried, *i.e.*, although the corporation was dissolved, its assets had not been fully distributed. *Id.* at 1498.

In *United States v. Distler*, 741 F.Supp. 643 (W.D.Ky.1990), the court picked up on the distinction in *Levin Metals* between a dissolved corporation's capacity to be sued and its liability under CERCLA. The Court followed *Sharon Steel* and determined that CERCLA supersedes Rule 17(b) and preempts state capacity laws. However, the court concluded that there is nothing in CERCLA to support the proposition that a dissolved corporation may be held liable. *Distler*, 741 F.Supp. at 647–48.

Finally, the District Court for the Western District of Washington sharply criticized *Levin Metals*, but nevertheless applied its rule as precedent in the Ninth Circuit. In *Columbia River Service Corp. v. Gilman*, 751 F.Supp. 1448 (W.D.Wash. 1990), the court analyzed each of the three

preceding cases and concluded that *Sharon Steel* and *Distler* were rightly decided on the issue of CERCLA preemption. *Gilman*, 751 F.Supp. at 1452. Congressional intent was to make those responsible for pollution clean up the pollution. CERCLA could not be avoided by state laws which in effect protect some corporations from liability by the fortuitous circumstance of their dissolution. *Id.* at 1453.

▆▆▆ The Court agrees that of the four cases dealing with this issue the *Sharon Steel* approach is most sound. There the court correctly determined that Congress has plenary power to supersede any Federal Rule of Civil Procedure. If Congress' intent to supersede a Rule "clearly appears" in the statute, then the rule must give way to the statute. *Sharon Steel*, 681 F.Supp. at 149 (citation omitted). Because Congressional intent is clear, Rule 17(b) is superseded and CERCLA actions against dissolved corporations must be permitted to proceed.[1]

Having determined that CERCLA supersedes Rule 17(b) and preempts state capacity statutes, the Court must now determine what effect, if any, the distinction made in *Sharon Steel* between "dead" and "dead and buried" corporations has. In that case although the corporate defendant had dissolved, it had not yet distributed all of its assets. Accordingly, there was a corporate *res* which made a judgment collectible and gave some tangible existence to the corporation. In the present case, Hitco asserts that the assets of Parsons have been fully distributed to its former shareholders.[2] Plaintiff contests this assertion.[3]

The Court's determination of the scope of CERCLA liability must not turn on the collectibility of judgments. It is enough that CERCLA imposes liability on any "person" who owned or operated a facility at which hazardous substances were disposed and that corporations are included in the definition of "person." As the court in *Gilman* stated:

> Any dissolved corporation that is a potential CERCLA defendant may have benefited from the cheap disposal of hazardous wastes. If the resources of these dissolved corporations are available, those resources should be available for cleanup and the party who benefited from the cheap disposal should be held responsible.

*Gilman*, 751 F.Supp. at 1453.

▆▆▆ Still, the question whether Parsons still holds assets and whether it is a "person" under CERCLA are intertwined. Although an existing corporation is clearly a "person" under CERCLA, a non-existent corporation cannot be included within that definition. In such a case there is no entity to sue or to defend against a lawsuit, and any judgment entered by the court would be unenforceable, much less uncollectible. To use the *Gilman* court's analogy, although Hitco may have shown that Parson's is "dead", in order to fulfill CERCLA's remedial goals, plaintiff is entitled to determine whether the corporation has been "buried." If it is established through discovery that Parsons holds no assets

---

1. The *Distler* court, on the other hand, correctly concluded that CERCLA is designed to preempt state capacity laws where those laws interfere with the broad brush of CERCLA liability. However, having taken that position in order to satisfy the remedial purpose of CERCLA, the Court undercut the scope of its holding by ruling that CERCLA does not impose liability on dissolved corporations. Contrast this with *Levin Metals* where the court determined that although the broad remedial scope of CERCLA may impose liability on a dissolved corporation, the state capacity law precluded the maintenance of a lawsuit. *Levin Metals*, 817 F.2d at 1451.

2. The Court notes that if Hitco, Inc., is determined to be the successor of Parsons, its liability under CERCLA for the acts of Parsons is established. *See Anspec Co. Inc. v. Johnson Controls, Inc., et al.*, 922 F.2d 1240, 1246 (6th Cir. 1991). Although this issue is not presented in this case, if Hitco, Inc., is liable as the successor corporation, *Anspec* implies that the court may dismiss the suit against Parsons without undertaking an analysis of CERCLA's application to dissolved corporations. *Id.* at 1247–48.

3. The Court notes that if Parsons in fact has assets yet to be distributed it has not been fully dissolved under Michigan law. *See* M.C.L.A. § 450.1851(2). Allowing this suit to proceed will give plaintiff an opportunity to conduct discovery on what assets, if any, Parsons still holds.

whatsoever, then it no longer exists. In that situation it is not a "person" under CERCLA and no lawsuit can be maintained against it.[4]

### IV.

For the reasons stated above, defendant Hitco, Inc.'s motion to dismiss the complaint against defendant Parsons Corporation is denied.

---

**4.** Plaintiff has entered a notice of default and moved for default judgment against Parsons. The Court will not enter judgment against Parsons unless its liability is established through this lawsuit. Although Parsons has not ap-peared in this matter, and presumably will not appear, the Court believes that its interests in denying and disproving liability is adequately protected by Hitco, Inc.