BASF CORPORATION, Chrysler Corporation, Dow Corning Corporation, E.I. Dupont Denemours and Company, Inc., Elf Atochem North America, Inc., Ford Motor Company, General Motors Corporation, United Technologies Automotive, Inc., Plaintiffs,

v.

CENTRAL TRANSPORT, INC., Clinton Township Water Department, Eppa Industries, Inc., Great Lakes Construction, Inc., Hughes Chemical Company, Lime Transport Services, Inc., Michigan Pumping Services, Inc., Permaloc Corporation, Robert T. Hughes, Sam Allen & Son, Inc., United Steel & Wire Company, Inc., Jointly and Severally, Defendants.

Civ. A. No. 92–77214.

United States District Court, E.D. Michigan, S.D.

Sept. 16, 1993.

Timothy H. Howlett, Gregory J. Parry, Dickinson Wright Moon Van Dusen & Freeman, Detroit, MI, for plaintiffs.

John H. Fildew, Fildew Hinks Gilbride Miller & Todd, Detroit, MI, for defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PROPER SERVICE

GADOLA, District Judge.

Plaintiffs brought this action to recover environmental cleanup costs from defendants under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"). 42 U.S.C. §§ 9601–9675. Defendant Robert Hughes moves to dismiss himself as a party for lack of proper service. Robert Hughes also moves to dismiss Hughes Chemical Company because he claims that Hughes Chemical no longer exists. For the reasons stated below, the court will deny defendant's motion. Pursuant to LR 7.1(e)(2) (E.D.Mich. Jan. 1, 1992), the court dispensed with oral argument.

## I. Background Facts

Plaintiffs filed their action on December 18, 1992, claiming that defendants Robert Hughes and Hughes Chemical, among others, are liable under CERCLA. On March 29, 1993, this court granted plaintiffs' ex parte motion to extend the time for service of process by sixty days until June 16, 1993. Robert Hughes was served with summons and complaint as an individual defendant and on behalf of Hughes Chemical on May 24, 1993. Defendant Hughes was president and a major shareholder of Hughes Chemical. According to Robert Hughes, Hughes Chemical was dissolved and its assets were completely distributed by the end of 1982.

## II. Dismissal of Robert Hughes

Robert Hughes asks this court to dismiss the complaint against him because plaintiffs failed to serve him within the 120 days required by Rule 4(j) of the Federal Rules of Civil Procedure. He argues that good cause was not shown for extending the time limit for service with respect to him.

Under Fed.R.Civ.P. 6(b), this court has the discretion to enlarge a time period required by the rules if cause is shown before the expiration of the period originally prescribed. Plaintiffs originally had until April 17, 1993 to effect service of their complaint. On March 23, 1993, plaintiffs filed an ex parte motion to enlarge the time for process by sixty days. Because of the complex nature of the environmental litigation involved in this case, the court granted plaintiffs' motion. Good cause was shown for the extension of the time period and defendant Robert Hughes was properly served within the extended deadline established by this court.

## III. Dismissal of Hughes Chemical

Defendant Robert Hughes asks this court to dismiss defendant Hughes Chemical Company because it has been dissolved and, therefore, is no longer subject to suit. Under Fed.R.Civ.P. 17(b), the "capacity of a corporation to sue or be sued shall be determined by the law under which it was organized." Under Michigan law, Hughes Chemical can no longer be sued once it has completely wound up its affairs and distributed

its assets. M.C.L.A. § 450.1851(2). Because Hughes Chemical was dissolved in 1982, defendant argues that it is no longer subject to suit.

Plaintiffs argue that Michigan law is preempted by the provisions of CERCLA. Under CERCLA, liability attaches "[n]otwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section." 42 U.S.C. § 9607(a)(2). Consequently, Rule 17(b) and the dictates of Michigan law would not limit the liability of a dissolved corporation under CERCLA. Furthermore, the dissolution of a corporation is not one of the defenses provided for by section 9607(b).

This court agrees with the position of plaintiffs that CERCLA preempts Michigan law. Among courts that have addressed the issue, the clear trend is towards construing CERCLA to supersede Rule 17(b) and to preempt state law. *City & County of Denver v. Adolph Coors Co.*, 813 F.Supp. 1471, 1474 (D.Colo.1992); *Traverse Bay Area Intermediate School District v. Hitco, Inc.*, 762 F.Supp. 1298, 1301 (W.D.Mich.1991); *United States v. Distler*, 741 F.Supp. 643, 646 (W.D.Ky.1990); *United States v. Sharon Steel Corp.*, 681 F.Supp. 1492, 1498 (D.Utah 1987). Only the Ninth Circuit in *Levin Metals Corp. v. Parr–Richmond Terminal Co.*, 817 F.2d 1448 (9th Cir.1987) found that Rule 17(b) governs the CERCLA liability of dissolved companies. *See also Columbia River Service Corp. v. Gilman*, 751 F.Supp. 1448, 1453 (W.D.Wash.1990) (following *Levin Metals*, but sharply criticizing the decision).

Congress intended that CERCLA provide for broad liability and that it supersede other laws or rules that would ordinarily limit that liability. *Adolph Coors*, 813 F.Supp. at 1474; *Sharon Steel*, 681 F.Supp. at 1498–99. Since environmental cleanup may occur years after the activities that caused the pollution, mere dissolution should not be allowed to block further inquiry into the status of the identifiable resources of the companies responsible for that pollution.

Although CERCLA may preempt Michigan law over the capacity of dissolved corporations to be sued, a dissolved corporation may have ceased to exist such that even CERCLA liability could no longer attach.[1] The *Hitco* court made this distinction when it denied defendant's motion to dismiss and allowed plaintiff to conduct discovery in order to determine whether the dissolved company still controlled resources that could be reached under CERCLA. *Hitco*, 762 F.Supp. at 1301–02. Under *Hitco*, a dissolved corporation that still controls assets is subject to suit, but if a judgment against that company would be "unenforceable," then that corporation would no longer qualify as a "person" that could be subject to CERCLA liability. *Id.* at 1301. The company in *Hitco* had dissolved over ten years before suit was filed against it. Similarly, Hughes Chemical dissolved in 1982, ten years before this case began. Without more information, no determination can be made concerning the liability of Hughes Chemical.

Plaintiffs must have the opportunity to conduct discovery in order to determine whether Hughes Chemical still possesses or controls assets that subject it to CERCLA liability. The court cannot merely rely on defendant's allegations that the assets of Hughes Chemical have been completely distributed. Following discovery, if the resources of Hughes Chemical are proven to be reasonably discrete and identifiable, then Hughes Chemical, even though dissolved, would be subject to CERCLA.

### ORDER

Therefore, it is hereby **ORDERED** that defendant's motion to dismiss Hughes Chemical Company and Robert Hughes for lack of proper service is **DENIED**.

**SO ORDERED.**

---

1. Courts have made a distinction between corporations that are "dead" and those that are "dead and buried." A "dead" company is a company that has dissolved, but still holds assets that can be reached by CERCLA. A "dead and buried" company has dissolved and has no assets remaining. It has ceased to exist as a "person" that can be held liable under CERCLA. *Hitco*, 762 F.Supp. at 1301.