HILLSBOROUGH COUNTY, a political
subdivision of the State of Florida,
et al., Plaintiffs,

v.

A & e ROAD OILING SERVICE,
INC., et al., Defendants.

No. 92–1648–CIV–T–17B.

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 17, 1995.

Andrea E. Zelman, Icard, Merrell, Cullis, Timm, Furen & Ginsburg, P.A., Tampa, FL, William W. Merrill, III, Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A., Sarasota, FL, for Hillsborough County et al.

Ann D. Samuels, Law Office of Ann D. Samuels, Oak Brook, IL, for Waste Resources of Tampa Bay, Inc.

Wayne E. Ripley, Jr., Law Office of Wayne E. Ripley, Jacksonville, FL, for Winn Dixie Stores, Inc.

William C. Ballard, Fisher & Sauls, P.A., St. Petersburg, FL, for A & e Road Oiling Service, Inc., et al.

Emmett Abdoney, Law Office of Emmett Abdoney, Tampa, FL, for Acme Sanitary Services, Inc.

William Barrett Taylor, IV, Macfarlane, Ausley, Ferguson & McMullen, Tampa, FL, for Acorn Contractors, a subsidiary of Spring–Lock Scaffolding Co. et al.

Julie A. Weisman, Swidler & Berlin, Washington, DC, for American Cyanamid Co.

Robert W. Boos, Honigman, Miller, Schwartz & Cohn, Tampa, FL, for Ashland Petroleum, a division of Ashland Oil, Inc.

Lyle Wethington, Law Office of Lyle Wethington, Pinellas Park, FL, for Bay Area Septic Systems.

Peter James Hobson, Law Office of Peter J. Hobson, Tampa, FL, for CDB Pizza, Inc.

Clemons Septic Cleaners, pro se.

Joseph W. Clark, William A. Gillen, Jr., Shackleford, Farrior, Stallings & Evans, P.A., Tampa, FL, for Continental Can Co.

James Michael Porter, Holland & Knight, Miami, FL, for Cralle–Hall Motor Co. et al.

Dale W. Vash, Ronald H. Noble, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, FL, for Tank Welding & Service Co., Inc.

Kelly H. Scoffield, T. Dean Simmons, Houston, TX, for Exxon Co., U.S.A.

James Michael Porter, Holland & Knight, James P. Ahrens, Law office of James F. Ahrens, Miami, FL, for Florida Power Corp.

Martin Lee Garcia, Karen E. Ross, Daniel J. Gibby, Hill, Ward & Henderson, P.A., Tampa, FL, for Fredco, Inc. dba Friendly Toyota.

Robert H. Mackenzie, Law Office of Robert H. Mackenzie, Wesley Chapel, FL, for Gaffin Environmental Services, Inc.

Walter C. Hall, Jr., Law office of Walter C. Hall, Jr., Clearwater, FL, for Golden Triangle Portable Toilet Co., Inc.

Enola T. Brown, Annis, Mitchell, Cockey, Edwards & Roehn, P.A., Tampa, FL, for Hillsborough County Bd. of Public Instruction.

Reynold L. Caleen, Jr., Oertel, Hoffman, Fernandez, Cole & Edenfield, P.A., Tallahassee, FL, for International Petroleum Corp. dba National Oil Service et al.

Jimbo's Pit Bar–B–Que of Tampa, Inc., pro se.

Latin Village Cafe, pro se.

Lee Kirk & Sons, pro se.

Kenneth F. Darrow, Law Office of Kenneth F. Darrow, Miami, FL, for Lum's Restaurant Corp.

William Barrett Taylor, IV, Macfarlane, Ausley, Ferguson & McMullen, Karen E. Ross, Tampa, FL, for Miller Septic Tank Co., Inc.

John W. Berry, Jr., Law Office of John W. Berry, New Port Richey, FL, for Need A Diver Marine Service, Inc.

Patricia Lamont, Law Office of Patricia Lamont, Tampa, FL, for Nick's Restaurant.

Robert B. Alpaugh, Law Office of Robert B. Alpaugh, Temple Terrace, FL, for Pasco Plumbing fka Septic Tank Service.

Peak Oil Co., pro se.

Pinellas Septic Service, pro se.

Redi–Strip of Central Florida, Inc., pro se.

William A. Gillen, Jr., Shackleford, Farrior, Stallings & Evans, P.A., Tampa, FL, for Redwing Carriers Inc.

Scott I. Steady, Taub & Williams, P.A., Tampa, FL, Gregory P. Holder, Russell S. Thomas, Williams, Reed, Weinstein, Schifino & Mangione, P.A., Tampa, FL, for Roto–Rooter Corp. aka Roto–Rooter Sewer Service.

Seabreeze Restaurant, pro se.

Craig Alan Minegar, Bush, Ross, Gardner, Warren & Rudy, P.A., Tampa, FL, for Southeast Oil and Development Corp.

Alice Ruth Huneycutt, Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, P.A., Tampa, FL, Daniel E. Vineyard, Law Office of Daniel E. Vineyard, Houston, TX, for Warren Petroleum Co., a division of Chevron U.S.A., Inc.

Gary J. Takacs, U.S. Atty.'s Office, M.D. FL, Tampa, FL, Russell M. Young, U.S. Dept. of Justice, Environment & Natural Resources Div., Washington, DC, for U.S. et al.

Robert E. Hogfoss, Catherine D. Little, Hunton & Williams, Atlanta, GA, for Allwaste Services fka Bryson Environmental Service, Inc.

Craig Alan Minegar, Bush, Ross, Gardner, Warren & Rudy, P.A., Tampa, FL, for Southeast Oil and Development Corp.

Joseph W. Clark, William A. Gillen, Jr., Shackleford, Farrior, Stallings & Evans, P.A., William Albert Gillen, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, FL, Kathryn B. Fuller, Beveridge & Diamond, New York City, John S. Guttmann, Beveridge & Diamond, P.C., Washington, DC, for Redwing Carriers Inc.

Andrea E. Zelman, Icard, Merrell, Cullis, Timm, Furen & Ginsburg, P.A., Tampa, FL, William W. Merrill, III, Icard, Merrell, Cullis, Timm, Furen & Ginsburg, P.A., Sarasota, FL, A. Bruce White, Karaganis & White, Ltd., Chicago, IL, for Safety Kleen Corp.

Andrea E. Zelman, Icard, Merrell, Cullis, Timm, Furen & Ginsburg, P.A., Tampa, FL, William W. Merrill, III, Icard, Merrell, Cullis, Timm, Furen & Ginsburg, P.A., Sarasota, FL, Robert Charles Davis, Law Office of Robert C. Davis, Detroit, MI, for Stroh Brewery Co. fka Schlitz Brewing Co.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This action is before the Court on a motion for summary judgment filed by the defendant, Acme Sanitary Service, Inc., July 26, 1994, (Docket No. 577) and Plaintiff's response thereto, filed August 3, 1994 (Docket No. 579).

### STANDARD OF REVIEW

This circuit clearly holds summary judgment is only entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact, when all the evidence is viewed in the light most favorable to the non-moving party. *Sweat v. The Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party and in favor of the non-moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994 (5th Cir.1979). Factual disputes preclude summary judgement.

In *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the Supreme Court of the United States held:

> In our view the plain language of Rule 56(c) mandated the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.

The Court also said, "Rule 56(e) therefore requires the non-moving party to go beyond the pleading and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" *Celotex Corp.*, at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274. A dispute is genuine, and summary judgment inappropriate, if a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

### STATEMENT OF FACTS

This case is one involving the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. 9601–9657, ("CERCLA") in which Plaintiff, HILLSBOROUGH COUNTY, seeks to recover several million in costs they incurred and continue to incur in cleaning up the environmental contamination at a site known as the Sydney Mine Waste Disposal Site, operated by Plaintiff during the years 1974–81. Defendant, ACME SANITARY SERVICE, INC. ("ACME"), is among those potentially responsible parties Plaintiff alleges transported waste to the Site during its eight (8) year period of operation. ACME, in its Motions for Summary Judgement, now argues that it cannot be held liable for such actions.

ACME asserts ACME SANITARY SERVICE, INC. was incorporated on June 12, 1990, and declared inactive by the Secretary of the State of Florida on November 11, 1991. ACME, further asserts that the entity named on assorted documents as "Acme Septic Tank," "Acme Septic Tank Service," or "Acme Sanitary Service" was owned as a sole proprietorship by Raleigh Watkins, an individual who died on April 27, 1994. ACME argues that the fact it was not in existence or in business during any time set forth in the complaint precludes this Court from imposing liability upon the corporation. Rather, ACME points to the decedent owner of the sole proprietorship as the responsible party for purposes of CERCLA liability.

Plaintiff asserts that Rule 17(b) Fed.R.Civ. P., provides the basis for analyzing whether a dissolved corporation has the capacity to sue or be sued. Section 607.1405(2)(e), Fla.Stat. (1993), explicitly states "[d]issolution of a corporation does not [p]revent commencement of a proceeding by or against the corporation in its corporate name...."[1] Additionally, Plaintiff asserts that regardless of whether Florida law allows commencement of a proceeding against a dissolved corporation,

---

**1.** Since Florida law makes dissolved corporations amenable to suit, the issue of whether CERCLA preempts state law is irrelevant.

ACME's dissolved status does not preclude a cause of action under the broad liability of CERCLA. Plaintiff argues that the theory of successor liability allows this Court to honor the intent of CERCLA and impose liability on ACME for the hazardous dumping of the sole proprietor, Raleigh Watkins.

## *DISCUSSION*

CERCLA was enacted by Congress in December 1980 to "provide for liability, compensation, clean-up, and emergency response for hazardous substances released into the environment and the cleanup of inactive hazardous waste disposal sites." Pub.L. No. 96–510, 94 Stat. 2767 (1980).[2] CERCLA's intent is to "[w]herever possible ... place[ ] the ultimate financial burden of toxic waste cleanup on those responsible for creating the harmful conditions." *Allied Corp., et al. v. Acme Solvents Reclaiming, Inc., et al.,* 1990 WL 322940 (N.D.Ill.1990), (quoting *Artesian Water Co. v. Government of New Castle County,* 659 F.Supp. 1269, 1276 (D.Del. 1987)). Further, CERCLA's intent is to be both remedial and retroactive in nature. *U.S. v. Northeastern Pharmaceutical & Chemical Co.,* 810 F.2d 726, 746 (8th Cir. 1986), *cert. denied,* 484 U.S. 848, 108 S.Ct. 146, 98 L.Ed.2d 102 (1987).

■ This Court is disinclined to agree with the parties' postulation of the issue before the Court. The parties have characterized this dispute as whether ACME is liable under CERCLA in spite of the fact ACME was not incorporated during the time period in which the hazardous dumping occurred. This Court, however, believes the relevant question is whether ACME is a "dead and buried," dissolved corporation or a merely "dead," dissolved corporation. *See U.S. v. Sharon Steel Corp.,* 681 F.Supp. 1492 (D.Utah 1987).

"Person" is defined broadly in § 101 and includes "corporations." 42 U.S.C. 9601(21).

However, the statute is silent on the liability of dissolved corporations. The issue of a dissolved corporation's liability under CERCLA was addressed by the District Court for the District of Utah in *U.S. v. Sharon Steel Corp.,* 681 F.Supp. 1492 (D.Utah 1987).[3] In *Sharon Steel,* the corporation was, though dissolved, still in the process of winding up its affairs. *Sharon Steel,* supra at 1498. The court described that corporation as still in the funeral process and distinguished that corporation from a corporation who was "not only dead but also buried." *Id.* Thus, the court found the corporation liable under CERCLA. *Sharon Steel,* supra at 1500.

Hence, the terminology used by the *Sharon Steel* court provides the basis for the federal common law surrounding this particular CERCLA issue. In *Chatham Steel Corp., et al. v. Brown, et al.,* 858 F.Supp. 1130 (N.D.Fla.1994), the court utilized the *Sharon Steel* language to determine "[t]he 'dead and buried' rule properly defines when a dissolved corporation should be subject to suit under CERCLA." *Chatham Steel Corp.,* at 1152.

In *Traverse Bay Area Intermediate School District v. Hitco, Inc.,* 762 F.Supp. 1298 (W.D.Mich.1991), the court held plaintiff was entitled to "determine whether the corporation ha[d] been 'buried' " and was not merely "dead." *Hitco, Inc.,* at 1301. The *Hitco* court stated that if the corporation was determined to hold no assets, the corporation no longer exists and is not a "person" for CERCLA purposes. *Id.* at 1302. *See also BASF Corp., et al. v. Central Transport, Inc., et al.,* 830 F.Supp. 1011 (E.D.Mich.1993) (where the court utilized to *Hitco* analysis to grant plaintiffs' opportunity to conduct discovery in order to determine whether the corporation still possessed assets). *But see Allied Corp., et al. v. Acme Solvents Reclaiming, Inc., et al.,* 1990 WL 322940 (N.D.Ill.1990) (where the court held a corpo-

**2.** Congress amended CERCLA in October of 1986. *See* Superfund Amendment and Reauthorization Act of 1986, Pub.L. No. 99–499, 100 Stat. 1613. ("SARA"). Unless otherwise noted, SARA does not change those portions of CERCLA quoted in this opinion.

**3.** Although the issue of a dissolved corporation's liability under CERCLA was also addressed by the Ninth Circuit in *Levin Metals v. Parr–Richmond Terminal Co.,* 817 F.2d 1448 (9th Cir. 1987), the primary issue of that case was preemption, not relevant to this discussion. *See supra* note 1.

ration is subject to suit under CERCLA without regard to its current status).

The court in *Stychno v. Ohio Edison Co.,* 806 F.Supp. 663, 670 (N.D.Ohio 1992) held that "[w]hether a [sic] inactive corporation falls within the scope of the definition of 'person' under CERCLA necessarily depends upon whether that corporation still holds assets." The *Stychno* court relied heavily on the holding of the court in *U.S. v. Distler,* 741 F.Supp. 643 (W.D.Ky.1990). The *Distler* court held there was "no precedent for imposing liability on a dissolved corporation ... after it ha[d] wound down and distributed its assets." *Id.* at 647.[4]

■ This Court agrees with the enumerated holdings which preclude CERCLA from resurrecting dead and buried "persons," even corporate "persons," and imposing liability upon them long after the funeral. However, in the instant case, whether the assets of ACME have been distributed and the corporation permanently laid to rest is not an uncontroverted question. Thus, there exists a genuine issue of material fact. The plaintiff is entitled to determine whether the defendant corporation is conclusively dead and buried. Accordingly, it is

**ORDERED** that Defendant's motion for summary judgment be **denied.**

**Done and Ordered.**

4. The corporation in *Distler* had wound down nine years previously. *Distler,* at 647.