Bronson, Bronson & McKinnon, San Francisco, Cal., for Parr Indust. Corp.

## LEVIN METALS CORPORATION, et al., Plaintiffs,

v.

## PARR–RICHMOND TERMINAL COMPANY, a dissolved corporation, et al., Defendants.

### No. C–84–6273 SC.

United States District Court, N.D. California,

March 21, 1986.

## ORDER RE MOTION TO DISMISS

CONTI, District Judge.

This is an action for damages and declaratory relief brought pursuant to the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. §§ 9601–9657 (1984). Plaintiffs allege that the defendants were the owners and operators of a shipping terminal in Richmond, California at the time the shipping terminal was contaminated with hazardous wastes.

The matter is presently before the court on defendant Parr Industrial Corporation's ("PIC's") motion to dismiss for failure to state a claim against it pursuant to Fed.R. Civ.P. 12(b)(6).

PIC's motion is based on its argument that since the causes of action plaintiffs assert against it all arose subsequent to its dissolution in 1971, it cannot be held liable on such claims. For the reasons set forth below, the court agrees with PIC.

Section 2010 of the California Corporations Code provides in pertinent part as follows:

(a) A corporation which is dissolved nevertheless *continues to exist for the purpose of winding up its affairs, prosecuting and defending actions by or against it* and enabling it to collect and discharge obligations, dispose of and convey its property and collect and divide its assets, *but not for the purpose of continuing business except so far as necessary for the winding up thereof.*

(b) No action or proceeding to which a corporation *is* a party *abates* by the dissolution of the corporation or by reason of proceedings for winding up and dissolution thereof.

(Emphasis added.) Section 2011(a), however, further provides that:

(a) In all cases where a corporation has been dissolved, the shareholders may be sued in the corporate name of such corporation upon any cause of action against the corporation *arising prior to its dissolution....*

(Emphasis added.)

■ No reported California case has determined whether the above statute permits corporations to be sued for post-dissolution claims. Other courts, however, have interpreted § 2011(a) and similar statutes to preclude suits against shareholders for post-dissolution claims by virtue of the express language contained therein which permits only suits based on pre-dissolution claims. Nor have these courts been willing to interpret the "winding up" language of § 2010 or its counterparts to include the defense of lawsuits based on post-dissolution claims, especially in light of the fact that the statute makes no mention of post-dissolution claims. *See, e.g.,* Order re Motion to Quash, *Beckwith v. Web Wilson Tools, Inc.,* No. 78–8757 (Super.Ct., Washoe County, Nevada, filed August 31, 1981) (quashing service of process upon former shareholder of dissolved California corporation for post-dissolution claim on ground that such claims are barred by Cal.Corp. Code § 2011(a)); *Bishop v. Schield Bantam Co.,* 293 F.Supp. 94 (N.D.Iowa 1968) (holding that "winding up" provision contained in Iowa statute similar to Cal.Corp. Code § 2010 did not encompass defense of lawsuits for post-dissolution claims, and hence that such suits were not authorized by the statute); *Gonzalez v. Progressive Tool & Die Company,* 455 F.Supp. 363 (E.D.N.Y.1978) (declining to permit suit against shareholder of dissolved corporation following expiration of three year limitation period set forth in dissolution statute in absence of statutory language or evidence of legislative intent to the contrary).

Common to all the above decisions is the reasoning that if suits against dissolved corporations for post-dissolution claims are to be permitted, it is the province of the legislature, which has already entered the field, and not the judiciary, to so provide. *See, e.g., Gonzalez, supra,* at 368–69. Accordingly, since there is neither statutory language nor evidence of legislative intent to the contrary, the court concludes that Cal.Corp.Code §§ 2010 and 2011(a) do not authorize suits against dissolved corporations based on causes of action arising subsequent to dissolution.

Consistent with the foregoing analysis, PIC argues that because plaintiffs' CERCLA claims against PIC did not arise prior to its dissolution, but rather ten years subsequent thereto, neither the corporation nor its shareholders are liable under Cal. Corp.Code §§ 2010 and 2011(a). Specifically, PIC points out that CERCLA was not enacted until December 11, 1980, some ten years after its dissolution, and that in any event a cause of action under CERCLA cannot arise until clean-up costs are incurred, which in this case was likewise not until some ten years after PIC's dissolution. *See* 42 U.S.C. § 9607; *United States v. Price,* 577 F.Supp. 1103, 1110 (D.C.N.J. 1983); *United States v. A & F Materials Co., Inc.,* 578 F.Supp. 1249, 1259 (S.D.Ill. 1984).

Thus, since Fed.R.Civ.P. 17(b) provides that the capacity of a corporation to sue or be sued is determined by the laws under which it was organized (*see also, United States v. Northeastern Pharmaceutical & Chem. Co.,* 579 F.Supp. 823, 827 n. 1 (W.D. Mo.1984) (capacity to be sued under CERCLA determined by reference to laws of incorporating state)), and since, as noted above, Cal.Corp.Code §§ 2010 and 2011 do not authorize suits against a corporation which, like the present case, are based on post-dissolution claims, PIC contends that the present case must be dismissed.

■ Plaintiffs in their moving papers do not offer any rebuttal to the above argu-

ments, but rather merely contend that a dissolved corporation is liable for causes of action arising out of *pre-dissolution* activities; nowhere, however, do plaintiffs contend that any causes of action existed against PIC at the time of its dissolution. Hence, plaintiffs' arguments are entirely beside the point. Accordingly, the court finds that PIC's motion to dismiss should be granted.

In accordance with the foregoing, it is hereby ordered that defendant Parr Industrial Corporation's motion to dismiss is granted.