817 F.2d 1448
 25 ERC 2113, 7 Fed.R.Serv.3d 1204, 17
Envtl. L. Rep. 20,737
 LEVIN METALS CORP.; Levin-Richmond Terminal Corporation,
Plaintiffs- Appellants,
v.
PARR-RICHMOND TERMINAL COMPANY, a dissolved corporation;
Parr Industrial Corporation, a dissolved
corporation; John Parr Cox; Fred Paar
Cox, Defendants-Appellees.
 No. 86-1927.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 12, 1987.
Decided May 27, 1987.
 
 Stephen B. Peck, San Francisco, Cal., for plaintiffs-appellants.
 Andrew R. Adler, Laura S. Lowe, Oakland, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of California.
 Before POOLE and BOOCHEVER, Circuit Judges, and DAVIES,* District Judge.
 POOLE, Circuit Judge:
 
 
 1
 Appellants Levin Metals Corporation and Levin-Richmond Terminal Corporation (collectively referred to as "Levin") appeal the district court's dismissal of their action against appellee Parr Industrial Corporation ("Parr Industrial") for damages and declaratory relief pursuant to the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. Secs. 9601-9657 (1982). We affirm.
 
 FACTS
 
 2
 On July 17, 1985, Levin filed a complaint for damages and declaratory relief under CERCLA against defendants Parr Industrial, Parr-Richmond Terminal Company, John Cox, and Fred Cox. The complaint made the following allegations. From 1947 to 1981, either Parr Industrial or the Parr-Richmond Terminal Company owned the Richmond Bulk Terminal, real property located in Richmond, California. Defendants operated facilities on the property for the manufacture, storage, and distribution of fertilizers, herbicides, pesticides, and scrap metals, resulting in the release of hazardous substances[1] which contaminated the property and surrounding water. Beginning in 1983, Levin, as the current owner of the Richmond Bulk Terminal, incurred $600,000 in investigatory and cleanup costs consistent with the national contingency plan. The complaint sought recovery of these response costs from defendants, and a declaration that defendants were liable for all such costs incurred in the future.
 
 
 3
 Parr Industrial voluntarily dissolved in 1971. Levin sued Parr Industrial in its corporate name through its former shareholders, John and Fred Cox, pursuant to Cal.Corp. Code Sec. 2011(a) (West 1977).
 
 
 4
 Parr Industrial moved to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6). On March 21, 1986, the district court granted this motion. Levin Metals Corp. v. Parr Richmond Terminal Co., 631 F.Supp. 303 (N.D.Cal.1986). It reasoned that, under California law, a dissolved corporation could not be sued for causes of action arising after its dissolution. The court held that Levin's CERCLA cause of action did not arise until after Parr Industrial's dissolution in 1971, because (a) CERCLA was not enacted until December 11, 1980, and (b) no cause of action could accrue under CERCLA until Levin incurred cleanup costs. Id. at 304.
 
 
 5
 On appeal, Levin contends that, because liability under CERCLA is retroactive, its cause of action may be considered to have arisen before Parr Industrial dissolved. Alternatively, Levin argues the district court erred in applying California law pursuant to Fed.R.Civ.P. 17(b), and that CERCLA preempts California law.[2]
 
 DISCUSSION
 
 6
 We review de novo the district court's dismissal for failure to state a claim. Guillory v. County of Orange, 731 F.2d 1379, 1381 (9th Cir.1984).
 
 I.
 
 7
 Levin sued Parr Industrial through its shareholders, pursuant to Cal.Corp.Code Sec. 2011(a):
 
 
 8
 In all cases where a corporation has been dissolved, the shareholders may be sued in the corporate name of such corporation upon any cause of action against the corporation arising prior to its dissolution. This section is procedural in nature and is not intended to determine liability.
 
 
 9
 (Emphasis added.) By its own terms, section 2011(a) does not authorize suit against a former shareholder on a cause of action arising after dissolution. See Beckwith v. Web Wilson Tools, Inc., No. 78-8757 (Nev.Super.Ct., August 13, 1981). Since CERCLA was not enacted until 1980, Levin's cause of action under CERCLA arose after Parr Industrial's dissolution in 1971, and may not be brought pursuant to section 2011(a).
 
 
 10
 Levin also relies on Cal.Corp.Code Sec. 2010 (West 1977), which provides in relevant part:
 
 
 11
 (a) A corporation which is dissolved nevertheless continues to exist for the purpose of winding up its affairs, prosecuting and defending actions by or against it and enabling it to collect and discharge obligations, dispose of and convey its property and collect and divide its assets, but not for the purpose of continuing business except so far as necessary for the winding up thereof.
 
 
 12
 (Emphasis added.)
 
 
 13
 Two cases have broadly stated that, under section 2010, a dissolved corporation may be sued for injuries arising out of its pre-dissolution activities. Abington Heights School District v. Speedspace Corp., 693 F.2d 284, 286 (3d Cir.1982); North American Asbestos Corp. v. Superior Court, 180 Cal.App.3d 902, 904, 225 Cal.Rptr. 877, 879 (1986). However, these cases did not consider the issue presented here, i.e., whether a dissolved corporation may be sued for injuries arising out of its pre-dissolution activities, even though the cause of action was not created until after its dissolution.
 
 
 14
 One commentator has suggested that section 2010 authorizes only business activity aimed at terminating corporate existence, and not the assertion of causes of action which arise after the corporation is dissolved. Comment, Continuing Corporate Existence for Post-Dissolution Claims: The Defective Products Dilemma, 13 Pac.L.J. 1227, 1239-40 (1982). We need not decide the validity of the comment's sweeping assertion; it is sufficient for the purposes of this case that, considering the section's general purpose of authorizing dissolved corporations to wind up their affairs, it nowhere purports to prolong the life of a dissolved corporation so that, on these facts, Levin may maintain this action even though CERCLA was enacted some nine years after Parr Industrial's demise.
 
 
 15
 Levin argues that CERCLA is retroactive and therefore this cause of action may be deemed to have arisen as of the time Parr Industrial allegedly contaminated the Richmond Bulk Terminal, even though that occurred before CERCLA's enactment in 1980. Thus, Levin reasons, its cause of action arose before Parr Industrial's dissolution in 1971. We disagree. Assuming arguendo that CERCLA imposes liability for acts committed before its enactment, see, e.g., United States v. Northeastern Pharmaceutical & Chemical Co., 810 F.2d 726 (8th Cir.1986); United States v. Dickerson, 640 F.Supp. 448 (D.Md.1986); United States v. Shell Oil Co., 605 F.Supp. 1064 (D.Colo.1985), the effect of such retroactivity is that a cause of action may arise after CERCLA's enactment, based on pre-enactment conduct. Therefore, since CERCLA was enacted after Parr Industrial's dissolution, Levin's cause of action logically arose after the dissolution, and may not now be asserted against Parr Industrial. The district court so held.
 
 
 16
 In its ruling, the district court also relied on the fact that Levin did not incur response costs until 1983, some twelve years after the dissolution. Levin argues that CERCLA's reference to liability for costs incurred, see 42 U.S.C. Sec. 9607(a), is only a reference to the measure of damages recoverable. On the other hand, Parr Industrial contends that a cause of action under CERCLA does not arise until at least some cleanup costs have been incurred. See United States v. A & F Materials Co., 578 F.Supp. 1249, 1259 (S.D.Ill.1984); United States v. Price, 577 F.Supp. 1103, 1110 (D.N.J.1983). Because we hold that Levin may not sue Parr Industrial on a CERCLA cause of action when Parr Industrial was dissolved nine years prior to CERCLA's enactment, we also need not address this issue.
 
 II.
 
 17
 Fed.R.Civ.P. 17(b) provides that "[t]he capacity of a corporation to sue or be sued shall be determined by the law under which it was organized." Rule 17(b) applies to dissolved corporations. 6 C. Wright & A. Miller, Federal Practice and Procedure Sec. 1563 (1971). The district court followed Rule 17(b), and applied California law to determine whether Parr Industrial could be sued.
 
 
 18
 Levin contends, citing no persuasive authority, that Rule 17(b) should not be followed here because the result will be to allow California state law to defeat the assertion of an important federal right. Other courts have relied on Rule 17(b) in applying state law to determine whether a corporation has the capacity to be sued under CERCLA. See Northeastern Pharmaceutical & Chemical Co., 810 F.2d at 746; Missouri v. Bliss, 23 ERC 1978, 1982 (E.D.Mo.1985) We hold that the district court properly applied California law pursuant to Rule 17(b).
 
 III.
 
 19
 Finally, Levin argues that, if California law applies under Rule 17(b), and if California law would bar its suit against Parr Industrial, CERCLA should be interpreted to preempt California law. Levin notes that CERCLA subjects certain persons to liability "[n]otwithstanding any other provision or rule of law," 42 U.S.C. Sec. 9607, and that state law is preempted whenever it "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." Michigan Canners & Freezers Association v. Agricultural Marketing & Bargaining Board, 467 U.S. 461, 469, 104 S.Ct. 2518, 2522, 81 L.Ed.2d 399 (1984). Levin then argues that, to the extent that California law prevents imposition of liability on a dissolved corporation, it impedes and obstructs the basic purposes of CERCLA, and is invalid.
 
 
 20
 Levin's preemption argument turns on its characterization of the California law here involved as law limiting imposition of liability. A more accurate characterization is that the law determines capacity to be sued. Levin's interpretation, if followed, would prevent courts from looking to state law to determine whether a dissolved corporation could be sued in any case involving a federal cause of action. We reject this reasoning and hold that CERCLA does not preempt California law determining capacity to be sued.
 
 
 21
 AFFIRMED.
 
 
 
 *
 Honorable John G. Davies, United States District Judge, Central District of California, sitting by designation
 
 
 [1]
 These substances allegedly included dichlorodiphenyltrichloroethane (DDT), dichlorodiphenyldichloroethylene (DDE), dichlorodiphenyldichloroethane (DDD), aldrin, lindane, dieldrin, and heavy metals
 
 
 [2]
 Parr Industrial complains that Levin raised these issues for the first time on appeal. Because these issues are purely legal ones which do not depend on the factual record developed below, we exercise our discretion to resolve them. Bolker v. Commissioner of Internal Revenue, 760 F.2d 1039, 1042 (9th Cir.1985)