**T–K CITY DISPOSAL, INC., Plaintiff,**

*v.*

**COMMERCIAL UNION INSURANCE COMPANY, Defendant.**

**No. 90 C 2204.**

United States District Court,
N.D. Illinois, E.D.

April 3, 1991.

---

Thomas P. Stepanich, Conzelman, Snarski & Stepanich, Waukegan, Ill., for plaintiff.

Billy G. Stone, Jr., James R. Branit, Bullaro, Carton & Stone, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

PARSONS, District Judge.

This court is presented with the issue of whether the plaintiff, as a dissolved corporation, can compel the defendant, its former insurer, to defend the plaintiff in its action as a potentially responsible party ("PRP") under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") against the United States Environmental Protection Agency ("U.S. EPA"). This court had previously issued an Order inviting the parties to brief the issue of whether CERCLA preempts state corporate dissolution law. This court stated that since the U.S. EPA was suing the dissolved T–K Disposal Company ("T–K"), it was presumably proceeding on the theory that CERCLA does indeed preempt state corporate dissolution law. The EPA suit thus provoked the question of whether the dissolved corporation could compel its former insurer to defend it in the EPA cost recovery action. The briefs which the parties have now filed with this court are *both* of the position that CERCLA does not preempt the Illinois Business Corporation Act. T–K instead argues that Commercial Union Insurance Company ("Commercial Union") has a duty to defend T–K under the contract laws of this state. Commercial Union on the other hand insists that T–K, as a dissolved corporation, lacks capacity to bring suit under both rule 17(b) of the Federal Rules of Civil Procedure and the Illinois Business Corporation Act.

### I. Background

On January 28, 1969, T–K City Disposal, Inc. (T–K) was incorporated under the laws of the state of Illinois. T–K was voluntarily dissolved pursuant to Illinois law on February 7, 1975. During the time of its existence T–K operated a landfill known as the Yeoman Creek Landfill Facility in Waukegan for approximately one year. On June 12, 1989, nearly fifteen years after dissolution of the corporation, T–K was informed by the United States Environmental Protection Agency (U.S. EPA) that the Yeoman Landfill contained hazardous substances, and that the U.S. EPA was about to take action under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA). Notice of such action was also delivered to Mr. Henry G. Tewes, Jr., who was a majority shareholder and registered agent for the corporation.

The U.S. EPA claims that T–K is responsible for the presence of the hazardous substances in the landfill and demands that T–K and other potentially responsible parties (PRPs) undertake a remedial investigation for the purpose of identifying the amount of contamination at the landfill. Consequently, T–K formed a PRP committee and has employed engineers and other personnel to investigate the claims of the U.S. EPA.

T–K advised Commercial Union Insurance Company (Commercial Union) of the demands of the U.S. EPA and requested that Commercial Union assume T–K's defense and provide full indemnification as per the policy of insurance issued by Commercial Union to T–K. Commercial Union

has refused to honor T–K's claim on the grounds that T–K cannot bring suit as a dissolved corporation. Accordingly, Commercial Union now alleges in its motion to strike and dismiss that T–K's complaint should be dismissed for the reason stated above, and for the reason that the complaint is deficient in that it does not properly allege the elements for a breach of contract action.

## II. Discussion

Rule 17(b) of the Federal Rules of Civil Procedure states: "The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized." The defendant argues that under the Illinois Business Corporation Act, T–K, as a dissolved Illinois corporation, lacks capacity to sue.

The Illinois Business Corporation Act provides for suits against or by a dissolved corporation in limited circumstances:

> The dissolution of a corporation … shall not take away nor impair any civil remedy available to or against such corporation … for any right or claim existing or liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within *five years* after the date of such dissolution. Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name.

Ill.Rev.Stat. ch. 32, para. 12.80 (1990) (emphasis added). When a statute continues the existence of a corporation for a certain period, the corporation becomes defunct upon the expiration of that period. Accordingly, no action can afterwards be brought by or against the corporation. 16A W. Fletcher, Cyclopedia of the Law of Private Corporations §§ 8142, 8144. Illinois courts have consistently held that the dissolution provisions of the Illinois Business Corporation Act bar suits without regard to the circumstances of the corporation's dissolution. *Canadian Ace Brewing Co. v. Joseph Schlitz Brewing Co.*, 629 F.2d 1183, 1185 (7th Cir.1980) (citations omitted); *O'Neill v. Continental Insurance Co.*, 341 Ill.App. 119, 136, 93 N.E.2d 160 (1st Dist. 1950). In *O'Neill*, an Illinois appellate court for the First District held:

> "The language of [Sec. 12.80] is clear and unambiguous. Under that section, any right or claim existing on behalf of a corporation or any liability incurred by a corporation prior to its dissolution may be enforced if the action is commenced within [five] years after the date of such dissolution."

*O'Neill*, 341 Ill.App. at 136, 93 N.E.2d 160. T–K has not even addressed the corporation dissolution provisions of the Illinois Business Corporation Act. Instead, T–K makes the argument that Commercial Union has some independent duty to defend in the case brought against T–K by the U.S. EPA. T–K does not, however, argue that this duty arises from CERCLA and its preemption over state corporate law. T–K refers only to the case of *U.S. Fid. and Guar. v. Specialty Coatings*, 180 Ill. App.3d 378, 129 Ill.Dec. 306, 535 N.E.2d 1071 (1989), for its proposition that Commercial Union has this duty to defend. However, T–K's cited case bears no relation to a dissolved corporation which seeks to have its former insurance company defend its cost recovery action. As such, plaintiff's argument that Commercial Union has a duty to defend is unpersuasive.

The U.S. EPA, presumably, intends to treat T–K as a potentially responsible party under CERCLA, regardless of the Illinois Business Corporation Act's prohibition on suits against a dissolved corporation. The U.S. EPA seems to be proceeding on the theory that state law is preempted by CERCLA. *Pacific Resins & Chems., Inc. v. United States*, 654 F.Supp. 249, 255 (W.D.Wash.1986); *also see United States v. Sharon Steel Corp.*, 681 F.Supp. 1492, 1495 (D.Utah 1987). This begs the question of whether a dissolved corporation can compel its insurer to defend such a suit. The Seventh Circuit has yet to rule on this issue. The only other circuit court which has ruled on the issue stated that CERCLA *does not* preempt state corporate dissolution law. *Levin Metals Corp v. Parr–Richmond Terminal Co.*, 817 F.2d 1448 (9th Cir.1987). Both parties argue that *Levin Metals* is the proper authority for this issue. The parties have devoted much time in insisting that the two district court

cases which hold that CERCLA does preempt state corporate dissolution law, *Pacific Resins & Chems., Inc. v. United States,* 654 F.Supp. 249, 255 (W.D.Wash. 1986) and *United States. v. Sharon Steel Corp.,* 681 F.Supp. 1492, 1495 (D.Utah 1987), are invalid.

This court notes that in determining the liability of successor corporations under CERCLA, federal courts have often chosen to apply a uniform national rule, rather than looking at the successor liability doctrines of the several states. *See U.S. v. Distler,* 741 F.Supp. 643 (W.D.Ky.1990) (citing *Smith Land and Improvement Corp. v. Celotex Corp.,* 851 F.2d 86 (3d Cir.1988) cert denied, 488 U.S. 1029, 109 S.Ct. 837, 102 L.Ed.2d 969 (1989)). Similarly, in *United States v. Sharon Steel Corp.,* a district court from Utah rejected the notion embodied in the *Levin Metals Corp.* case that state corporate dissolution law is not preempted by CERCLA. In *Sharon Steel,* the court found that the dissolved corporation before it was liable under CERCLA and thus held that state capacity statutes were preempted by federal law. Although the corporation in *Sharon Steel* was dissolved, it was still in the process of winding up its affairs. Indeed, the court noted that "the funeral [was] still going on." *Sharon Steel, supra* at 1498. However, T–K's funeral is long over and the corporation here is dead and buried. *See Distler supra* at 646. In *U.S. v. Distler,* 741 F.Supp. 643 (W.D.Ky.1990), the district court for the Western District of Kentucky held that there was no precedent for imposing liability on a dissolved corporation which had wound down and distributed its assets nine years prior to when the U.S EPA brought a case against it for cost recovery. T–K also has not presented any authority and the court has discovered none which would permit T–K to maintain a suit under the guise of CERCLA long after it has been dissolved as a corporation. (Indeed this court questions whether the U.S. EPA can maintain its cost recovery action against the dissolved T–K.) Accordingly, there is no alternative but to dismiss T–K's complaint against Commercial Union.

ENTER:

For the reasons set forth above, T–K Disposal Company's Complaint against Commercial Union Insurance Company is dismissed with prejudice.