**LOUISIANA–PACIFIC CORPORATION, a Delaware corporation, Plaintiff–Appellee,**

v.

**ASARCO, INC., a New Jersey corporation, Defendant–Appellant,**

v.

**INDUSTRIAL MINERAL PRODUCTS, INC., a dissolved Washington corporation, Third–Party Defendant–Appellee.**

**No. 91–36170.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 1993.

Decided Sept. 23, 1993.

---

Peter A. Wald, Heller, Ehrman, White & McCauliffe, San Francisco, CA, for defendant-appellant ASARCO, Inc.

Russell Charles Love and Lawrence Gottlieb, Thorsrud, Cane & Paulich, Seattle, WA, for third-party defendant-appellee Indus. Mineral Products, Inc.

Before: WRIGHT, THOMPSON and KLEINFELD, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

In this appeal we hold that the statute of limitations of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") does not preempt a Washington statute which prescribes the time within which a dissolved corporation retains its capacity to be sued. *See Levin Metals Corp. v. Parr–Richmond Terminal Co.*, 817 F.2d 1448 (9th Cir.1987). Therefore, a suit filed against a dissolved corporation outside the period of the state corporate capacity statute, but within the CERCLA statute of limitations, may not be maintained. We also hold that the district court did not abuse its discretion in denying the complainant's motion to relate an amendment, naming the dissolved corporation as a defendant, back to the date of the filing of the original complaint. *See* Fed.R.Civ.P. 15(c).

## FACTS AND PROCEEDINGS

In an opinion filed this date in a related appeal, case No. 92–35061, we held that AS-ARCO, Incorporated, appellant in this case, is liable for response costs under CERCLA for the cleanup of copper slag at various sites in the State of Washington.[1] ASARCO sold the slag to Black Knight, Inc., a subsidiary of Industrial Mineral Products ("IMP"), a Washington corporation. Black Knight agreed to pay ASARCO a portion of whatever it could get by selling the slag. The slag was sold to logyards where it was spread on the ground to provide a firm base on which to operate logging equipment. Eventually it

---

1. Slag is a by-product of the copper smelting process that separates copper out of copper ore.

was taken from the logyards and dumped into a landfill.

When the owners and operators of the sites where the slag was deposited discovered its interaction with chemicals released by the woodwaste caused the slag to leach heavy metals into the groundwater, they sued AS-ARCO for cleanup costs. ASARCO in turn filed a third-party complaint for contribution or indemnification against L–Bar Products, Inc., alleging it to be the successor-in-interest to IMP. L–Bar had bought IMP's assets. ASARCO later added IMP as an additional third-party defendant.

The district court dismissed L–Bar from the case on the ground that it was not a successor-in-interest to IMP. We affirmed. *Louisiana–Pacific Corp. v. ASARCO, Inc.,* 909 F.2d 1260 (9th Cir.1990).

The district court also dismissed IMP from the case. IMP was dissolved on December 26, 1986 by the filing of articles of dissolution with the Washington Secretary of State. Under Washington law, its capacity to be sued ended two years thereafter. Wash.Rev. Code Ann. § 23A.28.250.[2]

ASARCO filed its motion to add IMP as a third-party defendant on January 3, 1989. The court granted the motion, but later granted summary judgment for IMP because by the time ASARCO sued IMP, IMP's capacity to be sued had expired under Washington law. *See id.* The court also denied ASARCO's motion under Federal Rule of Civil Procedure 15(c) to have its addition of IMP as a defendant relate back to the date it sued L–Bar. This appeal followed. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

## DISCUSSION

■ ASARCO contends its third-party complaint against IMP was improperly dismissed because, although IMP's capacity to be sued had expired by the time ASARCO sought to add it as a defendant, Washington's two-year corporate-capacity statute, Wash. Rev. Code Ann. § 23A.28.250, is preempted by CERCLA's three-year statute of limitation, 42 U.S.C. § 9613(g). Applying the *Levin Metals* analysis, we reject this argument.[3]

In *Levin Metals,* Levin brought a CERCLA action against Parr Industrial, a dissolved California corporation, through its shareholders pursuant to California Corporation Code § 2011(a). The district court dismissed the suit because a California corporation could not be sued upon a cause of action arising after its dissolution. Cal.Corp.Code § 2011(a). Levin appealed contending, among other things, that CERCLA's statute of limitation preempted California Corporation Code § 2011(a). In rejecting the argument, we stated:

> Levin's preemption argument turns on its characterization of the California law here involved as law limiting imposition of *liability.* A more accurate characterization is that the law determines *capacity* to be sued. Levin's interpretation, if followed, would prevent courts from looking to state law to determine whether a dissolved corporation could be sued in any case involving a federal cause of action.

*Levin Metals,* 817 F.2d at 1451.

The present case presents a variation of the same question we considered in *Levin Metals.* Washington's statute, Wash.Rev. Code Ann. § 23A.28.250, determines the time within which a dissolved corporation retains its capacity to be sued.

ASARCO contends that *Levin Metals* is distinguishable because there the defendant corporation had dissolved before CERCLA was enacted and there was no possibility its dissolution frustrated federal law. ASARCO argues that if we apply the *Levin Metals* rule to this case, we will approve of a rule by

---

**2.** At the time IMP was dissolved, Washington Revised Code Annotated § 23A.28.250 provided that

> [t]he dissolution of a corporation ... shall not take away or impair any remedy available to or against such corporation ... for any right or claim existing, or any other liability incurred, prior to such dissolution if action or other

proceeding thereon is commenced within two years after the date of such dissolution.

This statute has been repealed and recodified as Washington Revised Code Annotated § 23B.14.-340, but retains the two-year time limit.

**3.** *Accord Columbia River Service Corp. v. Gilman,* 751 F.Supp. 1448 (W.D.Wash.1990).

which a corporate defendant facing potential CERCLA liability can simply dissolve and escape financial responsibility for its CERCLA cleanup costs.

We rejected this argument in *Levin Metals,* and we do so here. Although state corporate-capacity statutes may operate to preclude CERCLA liability, that risk is inherent in the language of Rule 17(b), which provides "[t]he capacity of a corporation to sue or be sued shall be determined by the law under which it was organized." Fed. R.Civ.P. 17(b); *see also Onan Corp. v. Indus. Steel Corp.,* 770 F.Supp. 490, 495 (D.Minn. 1989) ("[n]ot even the important policy goals underlying CERCLA c[ould] resurrect" a dead corporation), *aff'd,* 909 F.2d 511 (8th Cir.1990), *cert. denied,* 498 U.S. 968, 111 S.Ct. 431, 112 L.Ed.2d 414 In addition, in Washington, as in many states, this problem is mitigated by the opportunity to file a CERCLA action against a dissolved corporation for a considerable time after dissolution.[4]

ASARCO next contends that under Federal Rule of Civil Procedure 15(c) its amendment to include IMP as a defendant should relate back to June 10, 1988, the date it named L–Bar as a third-party defendant. That date was within the two-year period following IMP's dissolution.

■ We review for abuse of discretion the question whether the district court erred in denying a motion under Rule 15(c). *Kilkenny v. Arco Marine, Inc.,* 800 F.2d 853, 856 (9th Cir.1986), *cert. denied,* 480 U.S. 934, 107 S.Ct. 1575, 94 L.Ed.2d 766 (1987).

■ In order for ASARCO's proposed amendment to relate back to the date it sued L–Bar, four factors must be satisfied:

(1) the [claim against IMP] must have arisen out of the conduct set forth in the original pleading; (2) [IMP] must have received such notice that it w[ould] not be prejudiced in maintaining its defense; (3)

[IMP] must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

*Schiavone v. Fortune,* 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986). Here IMP concedes that the first, second and fourth requirements were met. It contends, however, that the third requirement was not satisfied.

The third requirement has two elements. ASARCO had to establish that (1) it made a mistake of identity in failing to sue IMP when it sued L–Bar, and (2) IMP knew or should have known, by the time the limitation period expired on December 26, 1988, that ASARCO had made the mistake. *See Kilkenny,* 800 F.2d at 856–58.

As to the first element, the district court stated:

ASARCO didn't make a mistake. It knew who those parties were, and made a mistake in who it determined it ought to sue under the circumstances. The mistake under Rule 15(c) has to be as to identity, and there was no mistake as to the identity of IMP. I think that's pretty clear from the claim made against L–Bar.

As the district court pointed out, ASARCO knew perfectly well that IMP was the party who had bought and resold the slag. ASARCO asserts, however, that it did not know it should have sued IMP. It thought L–Bar was the successor-in-interest to IMP and was the proper party to sue.

This explanation does not change the fact that ASARCO knew IMP was the party for whose actions it sought indemnity. There was no mistake of identity, but rather a conscious choice of whom to sue. The dis-

---

4. ASARCO relies on *United States v. Sharon Steel Corp.,* 681 F.Supp. 1492 (D.Utah 1987), and cases following it. It asks us to follow this line of authority for the policy reason mentioned above. We may not do so. *Sharon Steel* and two of its three successors candidly acknowledged that they declined to follow *Levin Metals. See Bancamerica Commercial Corp. v. Mosher Steel of*

*Kansas, Inc.,* 1992 WL 81983, 1992 U.S.Dist. Lexis 4318 (D.Kan.); *Traverse Bay Area Intermediate School Dist. v. Hitco, Inc.,* 762 F.Supp. 1298, 1300, 1301 (W.D.Mich.1991); *Sharon Steel,* 681 F.Supp. at 1497. We are bound by our precedent. *See United States v. Garza,* 980 F.2d 546, 555 (9th Cir.1992) (en banc panel required to overrule Ninth Circuit precedent).

trict court did not abuse its discretion in denying ASARCO's Rule 15(c) motion.[5]

AFFIRMED.

**5.** We do not consider IMP's argument that Rule 15(c) cannot be used to avoid the effect of Washington's dissolved-corporation capacity statute, Wash.Rev.Code Ann. § 23A.28.250, and we express no opinion on that question.