**INTERURBAN INDUSTRIES, INC. Appellant–Plaintiff,**

**v.**

**TWIN STATES PUBLISHING CO., INC., The Dispatch Publishing Co., Inc., Appellees–Defendants.**

No. 23A01–9404–CV–118.[1]

Court of Appeals of Indiana, First District.

Aug. 17, 1994.

Rehearing Denied Oct. 12, 1994.

Robert O. Williams, Williams Law Offices, Covington, for appellant.

Nicholas K. Kile, Barnes & Thornburg, Indianapolis, for appellees.

ROBERTSON, Judge.

Plaintiff–Appellant, Interurban Industries, Inc., appeals the summary judgment entered in favor of Defendants–Appellees, Twin States Publishing Co., Inc. and the Dispatch Publishing Co., Inc. in Interurban's action based upon a promissory note executed in 1979. Interurban raises one issue on appeal which does not require reversal:

> Whether the trial court correctly applied Illinois' corporation law in determining that Interurban's action was time-barred?

## FACTS

The pertinent facts are not disputed. Interurban, an Illinois corporation, was origi-

1. This case was transferred to this office on July 11, 1994, by direction of the Chief Judge.

nally incorporated in 1958; and its name became Interurban in 1964. In 1978, Interurban negotiated the sale of assets of some of its newspaper holdings to the Nixon Group. On December 29, 1978, before the sale transaction was consummated, Interurban and the Nixon Group entered into an Operating Agreement under which the Nixon Group began operating the newspapers. The Operating Agreement was to terminate upon the consummation of the sale transaction and provided that Indiana law would govern the agreement.

The sale transaction was consummated under a Sales Agreement executed on April 6, 1979. The $25,000.00 promissory note which is the subject of this dispute was executed in conjunction with the Sales Agreement. The Sales Agreement also provided that Indiana law would govern.

Unfortunately, litigation attacking the validity of the Sales Agreement transpired almost immediately. Ultimately, Interurban and the Nixon Group settled the dispute under a Settlement Agreement. The Settlement Agreement confirmed the April 6, 1979 Sales Agreement. Under the Settlement Agreement, Interurban retained its claim against the Nixon group on the $25,000.00 promissory note executed in conjunction with the Sales Agreement. The promissory note was never paid.

On December 1, 1979, Interurban was administratively dissolved by the Illinois Secretary of State. However, on March 24, 1992, Interurban was resurrected when a new corporation was incorporated under the same name. Then, on April 6, 1992, the resurrected Interurban filed the present lawsuit.

## DECISION

On appeal from the grant of summary judgment, we use the same standard in ascertaining the propriety of summary judgment as does the trial court. *Newhouse v. Farmers National Bank of Shelbyville* (1989), Ind.App., 532 N.E.2d 26, 28. Summary judgment is appropriate and "shall be rendered forthwith if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind.Trial Rule 56(C). Any doubt about the existence of a fact or the reasonable inference to be drawn from it must be resolved in favor of the non-moving party. *Allied Resin Corporation v. Waltz* (1991), Ind., 574 N.E.2d 913. On appeal, however, the party which lost in the trial court has the burden to persuade the appellate tribunal that the trial court's decision was erroneous. *Ind. Department of Revenue v. Caylor–Nickel Clinic* (1992), Ind., 587 N.E.2d 1311, 1313. Our proper role includes the careful scrutiny of the trial court's determination to assure that the non-prevailing party is not improperly prevented from having his day in court. *Id.*

■ When the parties to a contract agree on the law which should control the contract, we will give effect to that agreement. *Homer v. Guzulaitis* (1991), Ind.App., 567 N.E.2d 153. At the same time, Indiana procedural law will apply. *Id.*

■ An Illinois corporation, after dissolution, is limited to five years in which to wrap up its affairs, after which time no action may be brought by or against the corporation. Ill.Rev.Stat., ch. 32 para. 12.80; *T–K City Disposal, Inc. v. Commercial Union Insurance Co.* (N.D.Ill.1991), 761 F.Supp. 552, 554. However, Indiana corporate law does not have an express time limitation in which matters must be wrapped up after a corporation's dissolution. Ind.Code 23–1–46–2(c); I.C. 23–1–45–5.

■ Interurban argues that, because the agreements governing the parties' relationship provided that Indiana law would control, Indiana corporate law should apply and the action on the promissory note is not time-barred. Interurban also relies on Ind.Trial Rule 17(B) which provides:

**Capacity to Sue or be Sued.** The capacity of a party to sue or be sued shall be determined by the law of this state, including its conflicts rules, except that a partnership or unincorporated association may sue or be sued in its common name.

As noted above, Interurban, an Illinois corporation, seeks to have I.C. 23–1–46–2(c) and I.C. 23–1–45–5 of the Indiana Business Cor-

poration Law applied in this case. However, the Indiana Business Corporation Law, by its own terms, applies only to domestic (Indiana) corporations. I.C. 23–1–17–3. Moreover, the Indiana Business Corporation Law does not authorize Indiana to regulate the organization of a foreign corporation authorized to transact business in Indiana. I.C. 23–1–49–5(c).

Therefore, even though the parties may have selected Indiana law to govern their agreement, the Indiana statutes that purport to give an Indiana corporation an indefinite period of time in which to wrap up its affairs simply do not apply to Interurban, an Illinois corporation. That the parties may have selected Indiana law does not somehow expand the scope of the particular Indiana statutes in question.

The trial court correctly found that Interurban, an Illinois corporation, was governed by Illinois corporate law and was therefore time-barred from bringing the present action under Ill.Rev.Stat., ch. 32 para. 12.80. Therefore, summary judgment was appropriately entered against Interurban.

Judgment affirmed.

NAJAM and RATLIFF, JJ., concur.