SHEPARD, Chief Justice,
dissenting.
Justice Boehm has properly rejected Porter County Sheriff's Department's various claims about timing and failure of notice under Rule 15(C).
His assessment of what constitutes a "mistake of identity," however, is against the weight of federal and Indiana authority. I see no reason why Indiana should be an outlier on this question, and the majority opinion does not undertake to provide a reason for placing us against the mainstream.
Rule 15(C) requires that the added defendant "knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him." Ind. Trial Rule 15(C)(2). When the United States Supreme Court added this provision in 1966 to the federal rules, its Civil Rules Advisory Committee of the Judicial Conference indicated that the object was to allow a claimant "to correct a misnomer or misdescription of a defendant" after the statute of limitations has run. Fed.R.Civ.P. 15 advisory committee's note (1966 amendments).
A recent review of the judicial decisions about this provision over the intervening forty years concluded that courts have sanctioned relation back under cireum-stances consistent with the Advisory Committee's declared objective, that is, only for "literal mistakes" of name or identity, "misnomers or misdesecriptions." Rebecca S. Engrav, Relation Back of Amendments Naming Previously Unnamed Defendants Under Federal Rules of Civil Procedure, 89 Cal.L.Rev. 1549, 1564 (2001). Such Indiana case law as exists is consistent with this objective. For example, we have held that Rule 15(C) allows relation back to correct spellings of names or companies, or to correct a mistaken belief about who owns a particular company. See, e.g., Waldron v. Wilson, 532 N.E.2d 1154 (Ind.1989) (allowing relation back where complaint named individual owners of farm instead of newly-named farm corporation due to mistake about owner identity).
By contrast, it has been hornbook law that where there is no mistake of name or identity, but someone simply chooses to sue another party, relation back will generally not be permitted. 61B Am.Jur.2d Pleading § 869 (2006). The hornbook view tracks, as hornbooks usually do, the prevailing case law of the federal circuits and the U.S. Supreme Court. See, e.g., Nelson v. Adams, 529 U.S. 460, 467-68, 120 S.Ct. 1579, 146 L.Ed.2d 530 (2000) (no mistake of identity, but instead, choice not to sue); Cornwell v. Robinson, 23 F.3d 694, 705 (2nd Cir.1994) (exclusion "matter of choice, not mistake"); Louisiana-Pacific Corp. v. ASARCO, Inc., 5 F.3d 431, 434 (9th Cir.1993) ("no mistake of identity, but rather a conscious choice of whom to sue").
Our own precedent has followed this federal view. See, e.g., Kuehl v. Hoyle, 746 N.E.2d 104 (Ind.Ct.App.2001). In Kuehl, the court held that Kuehl failed to satisfy the mistake of identity requirement, noting "all of the information necessary to precipitate Kuehl's action against *374 Somerville was available before the commencement of the litigation." Id. at 109. Kuehl's only mistake was failing to bring suit before the statute of limitations had run, but this mistake was not due to mistaken identity. Id. at 110.
Justice Boehm's opinion thus swims upstream against both federal and Indiana authority about the meaning of "mistake of identity" by sweeping within Rule 15(C) any mistake, including legal bad calls about who among multiple possible defendants might be liable. His opinion acknowledges the principle that where a party makes a "deliberate choice between potential defendants, the mistake requirement is not met," but does not apply this principle to the facts before us. Justice Boehm reasons that the Guzoreks could not have deliberately planned "to sue an immune party who was provided immunity by statute and to omit the party designated as the proper defendant." In effect, this focuses on the idea that the Guzoreks made a legal mistake that could be remedied by Rule 15(C). Under such reasoning, virtually everyone who chooses to name a given defendant and later finds the choice an unhappy one could lay legitimate claim to "mistake of identity."
Whether that be true or untrue, the inquiry under Rule 15(C) does not focus on whether the claimant's lawyer botched the job, but rather whether the party sought to be added after the statute of limitations "knew or should have known that but for a mistake concerning the identity of the proper party" he, she, or it would have been sued in the first place. On this point, the majority opinion deals with the facts summarily and gets them wrong.
To be sure, the Sheriff's Department knew that the Guzoreks were fully aware of Officer Falatie's position with the Sheriff's Department, of the Department's identity, and of the Department's potential liability. The Department knew all this just nineteen days after the accident, because on August 30, 2000, the Guzoreks' attorney sent a Tort Claims Act notice to the Indiana Political Subdivision Risk Management - Commission, the Porter County Sheriff's Department, the Porter County Attorney, the Porter County Commissioners, and the Porter County Council. The notice stated in straightforward terms that at the time of the accident Officer Falatic "was acting within the course and seope of his employment so as to make Porter County liable for the negligence of its employees...." (Appellant's App. at 39.) This notice demonstrates that the Guzoreks' lawyer clearly had all the information about identity necessary to file suit against Porter County Sheriff's Department as early as August 30, 2000.
Nearly two years after the Guzoreks served the Sheriffs Department with a Tort Claims Notice, the Guzoreks' lawyer filed a complaint against Falatic in the LaPorte Cireuit Court. The complaint did not identify Falatic as a police officer, but instead as "Joseph R. Falatic." (Id. at 3-4.) The complaint did not mention Falatic's occupation, nor did it mention Porter County Sheriff's Department. Despite the Guzoreks' knowledge of Falatic's occupation and of the Sheriffs Department's potential lability, the complaint was silent.
What was the Department to make of the complaint? There are a variety of circumstances under which the Tort Claims Act does not protect public employees. Ind.Code § 34-13-3-5 (2006). Having received the Tort Claims Notice that claimed Officer Falatie was acting within the scope of his employment and then receiving a complaint that did not even mention his employment, they could plausibly conclude that Plaintiffs' counsel, having had two years to develop the facts and *375 legal theories, had chosen to sue Falatic the individual.
Would any claimant's lawyer ever choose to seek recompense against the individual rather than from the government?
We do not know much about the facts of this case. We do know, however, that depending on the extent of the injuries, a claimant might have a better chance of obtaining a judgment against a public employee personally. Not having to contend with the contributory negligence rule is one obvious example. See Funston v. School Town of Munster, 849 N.E.2d 595, 598 (Ind.2006) ("common law defense of contributory negligence remains applicable for governmental defendants").
The weight of authority is that such events are not "mistakes of identity." The only mistake here, if there was one, was a legal mistake about potential liability that is not properly remedied by Rule 15(c). Rendall-Speranza v. Nassim, 107 F.3d 913, 918 (D.C.Cir.1997) ("an error of judgment about whether an employer is Hable for the act of its employee is not 'a mistake' within the intendment of Rule 15(c)") (emphasis added); see also, Engrav, supra, at 1587 ("When it seems likely that the plaintiff knew the additional defendant existed but failed to name it either through carelessness or because of poor legal advice, courts are likely to deny relation back."). The apparently contrary case cited by Justice Boehm, Donald v. Cook County Sheriff's Dep't, 95 F.3d 548 (7th Cir.1996), involved a lawsuit by a pro se prisoner, and the court explicitly declared that it chose not to apply the regular requirements of the rule. Id. at 555, 559-60.
Rule 15(c) was amended to allow relation back where a plaintiff's honest error results in a mistake of identity. Rule 15(c) was not intended to save parties from the legal or tactical choices made by their lawyers.
SULLIVAN, J., coneurs.