**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMANDA MARIE RAMOS-SANTOYA, Plaintiff - Appellant, v. THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA; DOES 1 THROUGH 100, INCLUSIVE, Defendants - Appellees. | No. 09-16220 D.C. No. 1:08-cv-01868-LJO-GSA MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted May 13, 2010**
San Francisco, California

Before: SILVERMAN, FISHER and M. SMITH, Circuit Judges.

Plaintiff Amanda Ramos-Santoya appeals the district court's order

concluding that her complaint did not relate back to an earlier filing and granting

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Defendant Insurance Company of the State of Pennsylvania's motion to dismiss. She also appeals the denial of her motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291 and now affirm.

Ramos-Santoya alleges that she was injured in a car accident involving an employee of the Embassy of Mexico on November 17, 2005. She initially sued the Embassy of Mexico on September 26, 2007. The district court concluded that the Embassy is immune from suit and granted its motion to dismiss, but permitted Ramos-Santoya to amend her complaint to name the Embassy's insurer under 28 U.S.C. § 1364. Ramos-Santoya filed her amended complaint against the insurer on February 6, 2009, after the statute of limitations had expired. Her suit therefore had to be dismissed unless the amended complaint relates back to the original complaint under Fed. R. Civ. P. 15(c). The district court held that it does not relate back. Having done so, it granted the insurer's motion to dismiss under Fed. R. Civ. Proc. 12(b)(6).

An amendment to a pleading does not relate back to the date of an earlier pleading unless the party to be brought in by amendment "knew or should have known that the action would have been brought against it, *but for a mistake concerning the proper party's identity*." Fed. R. Civ. P. 15(c)(1)(C)(ii) (emphasis added). The district court held that Ramos-Santoya did not make a mistake of

identity within the meaning of the rule. It is undisputed that Ramos-Santoya knew of the identity of the insurer before suit was filed, but for whatever reason, did not name it as a defendant. That was a mistake all right, but not one of identity. *See Louisiana-Pacific Corp. v. ASARCO, Inc.*, 5 F.3d 431, 434 (9th Cir. 1993). Ramos-Santoya does not even address this alternative ground supporting the district court's holding, which appears correct on its face. We therefore affirm. *See, e.g.*, *MacKay v. Pfeil*, 827 F.2d 540, 542 n.2 (9th Cir. 1987) (affirming where appellant's brief attacked only one of several alternative bases for the district court's decision).

Having concluded that the amended complaint did not relate back, the district court correctly granted defendant's motion to dismiss it as untimely. That decision relied only on facts that appear on the face of the complaint, namely the date of the accident and the date of the amended complaint's filings. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) ("A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'") (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir.2006)). Ramos-Santoya has not raised any

arguments that could render the amended complaint timely even though it was filed more than three years after the accident occurred.

**AFFIRMED**.