## SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

v.

## FIRST JERSEY SECURITIES, INC., Robert E. Brennan, Robert Berkson, Defendants.

### No. 83 Civ. 483 (JES).

United States District Court,
S.D. New York.

July 18, 1984.

Donald N. Malawsky, Regional Adm'r, S.E.C., New York City, for plaintiff; Anne C. Flannery, Ralph Pernick, Paul Dutka, New York City, of counsel.

Robinson, Wayne, Levin, Riccio & La Sala, Newark, N.J., Tolins & Lowenfels, New York City, for defendants; Ronald J. Riccio, Newark, N.J., of counsel.

## OPINION AND ORDER

SPRIZZO, District Judge:

Plaintiff, the Securities and Exchange Commission ("SEC"), commenced this action against defendants First Jersey Securities ("FJS"), its president, Robert E. Brennan, and Robert Berkson, an employee of FJS, attempting to enjoin certain alleged violations of the federal securities laws. FJS and Brennan answered and, in their first affirmative defense, asserted that the SEC was barred from prosecuting this action because documents necessary to their defense, which had been stored on SEC premises, had been lost by the SEC. FJS and Brennan alleged that forcing them to defend this action without their files "would constitute a flagrant violation of their constitutional, statutory and other legal rights." Answer para. 8.

The Court conducted a hearing to determine whether plaintiff was responsible for the loss of defendants' files and whether documents contained in the files were essential to the defense of this action. The parties then submitted post-hearing briefs in which the SEC moved to strike defendants' first affirmative defense (sometimes referred to herein as the "lost files defense"), and defendants moved to dismiss the complaint.

At oral argument on the motions, the Court ruled that the SEC's conduct in connection with the lost files was not sufficient to warrant dismissal of this action. It further found that, in any event, defendants had made an insufficient showing that the lost documents were necessary to their defense and that they were therefore prejudiced by their loss.

Having advised the parties of the above findings, the Court indicated its intention to grant the SEC's motion to strike defendants' lost files defense. Counsel for defendants requested certification pursuant to 28 U.S.C. § 1292(b), and the Court invited the parties to submit briefs on the issue of appealability pursuant to that statute.

■ Having reviewed the submissions by both parties, the Court concludes that its ruling granting the SEC's motion to strike the first affirmative defense is not properly appealable under section 1292(b). Section 1292(b) provides in pertinent part that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order.

It is possible that an immediate interlocutory appeal would advance the ultimate termination of this litigation in that a reversal by the Court of Appeals would result in dismissal of the complaint prior to trial; however, the first prong of section 1292(b)'s standard is not met—this order does not involve a controlling question of law. The Court's decision to strike the lost files defense was predicated at least in part on specific factual findings with respect to the extent of prejudice suffered by defendants. Therefore, an appeal would necessarily present a mixed question of law and fact, not a controlling issue of pure law. Such an order is not appropriate for certification pursuant to 28 U.S.C. § 1292(b).

## CONCLUSION

■ For the reasons stated on the record at oral argument, the SEC's motion to strike defendants' first affirmative defense is granted, and defendants' motion to dismiss the complaint based on that defense is accordingly denied.

It is SO ORDERED.