Bert MAESTRI, Plaintiff,

v.

WESTLAKE EXCAVATING CO., INC. and Robert A. Valerino, Individually and as President of Westlake Excavating Co., Inc., Defendants.

STAUFFER MANAGEMENT COMPANY, Plaintiff,

v.

Bert MAESTRI, John Maestri, Robert Valerino, Solvay Iron Works, Inc., and Westlake Excavating Company, Inc., Defendants.

Civ. Nos. 90–CV–1155 (FJS), 93–CV–316 (FJS).

United States District Court, N.D. New York.

March 30, 1995.

As Corrected May 1, 1995.

---

Lacy, Katzen, Ryen & Mittleman (Richard Glen Curtis, of counsel), Rochester, NY, for Robert Valerino.

Menter, Rudin & Trivelpiece, P.C. (Gerald J. Mathews, of counsel), Syracuse, NY, for Solvay Iron Works, Inc. and Alfred Chemotti.

Stefan Berg, Syracuse, NY, for Westlake Excavating Co.

Bond, Schoeneck & King (Thomas R. Smith, of counsel), Syracuse, NY, for Bert Maestri.

Green & Seifter (Richard Brickwedde, of counsel), Syracuse, NY, for John Maestri.

Teitelbaum, Hiller, Rodman Paiden & Hisbsher, P.C. (Ann Alexander, of counsel), New York City, for Stauffer Management Co.

O'Melveny & Myers (Thomas G. Carruthers, of counsel), New York, for Insurance Co. of North America.

### DECISION AND ORDER

SCULLIN, District Judge.

### INTRODUCTION

This matter is before the court on the Insurance Company of North America's ("INA") motion for interlocutory certification under 28 U.S.C. § 1292(b) and for a stay of the current proceedings and on Solvay Iron Works, Inc.'s ("Solvay"), Bert Maestri's and John Maestri's (collectively "the insured") motion for attorneys' fees.

## BACKGROUND

### I. THE UNDERLYING EVENTS

In March 1972, Stauffer Chemical Co. ("Stauffer") entered into a contract with Solvay to remove drums of chemical waste from Stauffer's plant in Skaneateles Falls. Solvay subcontracted the work to Westlake Excavation Co. ("Westlake"). The main contract between Stauffer and Solvay contained insurance and hold harmless clauses. The hold harmless clause required Solvay to indemnify Stauffer for any loss attributable to Solvay's performance under the contract; the insurance clause required Solvay to have liability insurance to cover the indemnity.

The removal commenced and most of the drums were deposited at another location. However, when Westlake trucks experienced difficulties, Westlake's President, Robert Valerino, sought to temporarily store the drums on Bert Maestri's land. Bert Maestri, who was an officer of Solvay, permitted the drums to be stored on his land temporarily. At the time the drums were put on Bert Maestri's land their contents were leaking.

The drums remained on the ground until some time in 1973, when Bert Maestri buried them out of concern that the leaking drums would affect neighborhood children. Using a backhoe and bulldozer he buried the drums in a trench, breaking some open in the process.

In 1985, the New York State Department of Environmental Conservation ("DEC") found Bert Maestri, Robert Valerino and Stauffer to be potentially responsible parties for the contamination at the site. Thereafter Bert Maestri made preliminary efforts at remediation, and, ultimately, Stauffer entered into a consent order with the DEC and agreed to remediate the site.

### II. THE PROCEEDINGS

In 1990, Bert Maestri brought an action against Westlake and Valerino (90–CV–1155) claiming violations under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") and various common law claims. Robert Valerino brought a third party action against John Maestri (Vice

President of Westlake), Alfred Chemotti (officer and shareholder of Westlake) and Solvay. Westlake brought a third party action against INA. Later, in 1993, Stauffer brought an action against Westlake, John Maestri, Robert Valerino, Bert Maestri and Solvay (93–CV–316) also claiming violations of CERCLA.

In 1992, Westlake moved for partial summary judgment in its third-party action against INA, seeking a declaration that INA must defend the action and must pay for independent counsel selected by Westlake. INA cross-moved for summary judgment for a declaration of no coverage as against Westlake. On November 17, 1992, the court, per Judge McAvoy, ordered that (1) INA had a duty to defend in the *Maestri* action (90–CV–1155) and must pay for independent counsel, and (2) INA's motion for summary judgment was denied with leave to renew after discovery.

Discovery was conducted through 1994, and on September 27, 1994, INA renewed its motion for summary judgment against Westlake and moved for summary judgment against Solvay and its directors and officers as well. INA's summary judgment motion sought a declaration that it had no duty to defend or indemnify Westlake or Solvay, or any of Solvay's officers or directors, under general liability policies INA issued to Westlake and Solvay. At around the time of INA's summary judgment motion, the parties stipulated (with court approval) to amend the pleadings under Fed.R.Civ.Proc. 15(b) "to include all parties, issues and claims with respect to coverage presented in the pending motion for summary judgment, including all issues relating to [the insurance policies at issue]." *See* Stipulation dated August 14, 1994 (Docket #81). Thus, even though there was no underlying declaratory judgment action or third-party action pending between INA and Solvay, or INA and Solvay's officers and directors, the motion was allowed to go forward to resolve all the outstanding insurance issues in accord with the parties' stipulation.

Westlake, Solvay, Bert Maestri and John Maestri cross-moved for summary judgment seeking a declaration that INA is required to indemnify and defend in the underlying actions.

## III. RESOLUTION OF THE SUMMARY JUDGMENT MOTIONS

The policies at issue in the summary judgment motions were a general liability policy issued to Westlake in 1972 and renewed in 1973; a general liability policy issued to Solvay in 1972 and renewed in 1973; and an excess policy issued to Solvay in 1972 and renewed in 1973 (6 policies altogether). In addition to general liability coverage, all of Solvay's policies contained coverage for contractual liabilities.

On November 4, 1994, the court heard oral argument on the motions and rendered a decision from the bench. *See* Transcript dated November 4, 1994 (hereinafter "Bench Tr. at __"). Five of the six general liability policies at issue contained a pollution exclusion clause which operated to deny coverage for pollution related occurrences that were neither sudden nor accidental. The court determined that the occurrences at issue were not sudden and thus that there was no coverage under those policies. *See* Bench Tr. at 17–19. As to the one general liability policy that did not contain a pollution exclusion clause, the court ruled that former New York Insurance Law § 46(14) (McKinney 1971) (repealed 1982, ch. 856) implied a pollution exclusion clause into the policy as a matter of law and, thus, similar to the other policies, coverage was excluded under it. *See* Bench Tr. 19–22.

In addition to the above rulings, the court ruled on INA's duty to defend and indemnify under the contractual liability policies issued to Solvay. The court determined that there were genuine issues of material fact as to whether the pollution exclusion clauses present in the general liability policies were intended to apply to the contractual liability policies. *See* Bench Tr. at 24–25. The court also ruled that the contractual liability policies were not subject to the provisions of former New York Insurance Law § 46(14) (McKinney 1971) (repealed 1982, ch. 856). *See* Bench Tr. at 27, 31. Even though the court denied summary judgment with respect to the duty to indemnify under the contractu-

al liability policies, it determined that INA had a duty to defend based on those policies. *See* Bench Tr. at 24–25.

The bench decision was memorialized in an Order dated March 30, 1995. INA seeks certification of some the issues decided by that Order.

## DISCUSSION

INA currently seeks interlocutory certification under 28 U.S.C. § 1292(b) of the issues underlying that part of its summary judgment motion that was denied by the court on March 30, 1995. Specifically, INA seeks to certify the following issues:

(1) Whether the pollution exclusion clauses found in the general liability policies apply to the contractual liability policies; and

(2) Whether former New York Insurance Law § 46(14) (McKinney 1971) (repealed 1982, ch. 856), implies a pollution exclusion clause into the contractual liability policies as a matter of law.

If the matters are certified, INA seeks a stay of the current proceedings until resolution of the appeal. Additionally, the insured seek to recover attorneys' fees incurred in the previous summary judgment motions.[1]

Each issue will be dealt with in turn.

## I. CERTIFICATION OF ISSUES TO THE SECOND CIRCUIT

Although interlocutory orders are generally not appealable, under 28 U.S.C. § 1292(b) a district court can certify interlocutory decisions to be reviewed by an appellate court. Section 1292(b) provides, in pertinent part:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial

ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order....

The granting of certification under this section is solely within the district court's discretion. *Ferraro v. Secretary of U.S. Department of Health and Human Services*, 780 F.Supp. 978, 979 (E.D.N.Y.1992).

Thus, for an order to be certified, a district court must find, in its discretion, that there is (1) a controlling issue of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation.

### A. Controlling Issue of Law

A controlling issue of law does not have to be dispositive of the case, it only has to be an issue that could materially affect the outcome of the case. *In re Cement Antitrust Litig.*, 673 F.2d 1020 (9th Cir.1981), *aff'd*, 459 U.S. 1190, 103 S.Ct. 1173, 75 L.Ed.2d 425 (1983). However, "if reversal of the district court's order would terminate the action" then the issue is controlling. *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir.1990).

INA contends that if our decision is reversed, that is, if the Second Circuit determines that the pollution exclusion clause applies to the contractual liability policies or that former New York Insurance Law § 46(14) can be implied as a matter of law into the contractual liability policies, then the litigation would be terminated as to INA's duty to indemnify based on those policies.

The insured contend that there cannot be a controlling question of law because there are too many unresolved facts. They contend that the summary judgment motion was denied because the court found that it could not determine the parties' intent without a more

---

1. The court notes that the insured belatedly attempt to seek certification of those issues for which their summary judgment motion was denied, *i.e.* whether the discharge of the pollution was sudden and whether former New York Insurance Law § 46(14) (McKinney 1971) should have been implied into the Solvay general liability policy as a matter of law. However, the insured never argued how 28 U.S.C. § 1292(b) applied to their issues, and, in any event, the court finds that the issues presented by the insured are not certifiable under 28 U.S.C. § 1292(b).

fully developed factual record. The insured thus claim that the issue is not one of pure law, but is at best a mixed question of law and fact, precluding certification. *See, e.g., International Soc'y for Krishna Consciousness v. Air Canada,* 727 F.2d 253 (2d Cir. 1984) (undeveloped factual record precluded certification); *Department of Economic Development v. Arthur Andersen & Co.,* 683 F.Supp. 1463, 1486–87 (S.D.N.Y.1988) (issue was too fact dependent to be certified); *Securities and Exchange Commission v. First Jersey Secs. Inc.,* 587 F.Supp. 535, 536 (S.D.N.Y.1984) (mixed question of law and fact not certified).

The court agrees with INA on this issue. If this court's order is reversed, the litigation will end as to all the policies encompassed by the order and appeal. Despite the insured's contention that the question is too fact dependent, the court believes that the Second Circuit can review the insurance policies and may be able to determine as a matter of law whether the pollution exclusion present in the general liability policies carries over to the contractual liability policies. Moreover, the application of former New York Insurance Law § 46(14) is a wholly legal question.

Therefore the court finds that the issues involved are controlling issues of law.

### B. Substantial Ground for Difference of Opinion

■ INA contends that the issues presented for certification are matters of first impression for this court and that there is a substantial ground for difference of opinion when the controlling question of law is a matter of first impression. *See, e.g., Klinghoffer,* 921 F.2d at 25. INA also contends that the New York Court of Appeals determined in an analogous situation that the exclusions of one part of an insurance policy carry over to other parts, thus providing an example of a different opinion. *See County of Columbia v. Continental Ins. Co.,* 83 N.Y.2d 618, 612 N.Y.S.2d 345, 634 N.E.2d 946 (1994).

The insured do not dispute that the question is a matter of first impression, but argue that this fact only underscores their contention that a more developed record is required before deciding the issue.

The court finds that the issues involved here are subject to differing interpretations. There is a dearth of cases discussing either the application of the pollution exclusion clause to contractual liability policies or the application of former New York Insurance Law § 46(14). Therefore there is a substantial ground for difference of opinion.

### C. Materially Advance the Ultimate Termination of the Litigation

■ As noted above, INA contends that if the Second Circuit reverses this court's decision, the reversal will terminate the litigation as to INA. Additionally, INA contends that even if the Second Circuit doesn't reverse, it will undoubtedly clarify the parties' rights under the policies and will promote settlement. The insured contend that there is a likelihood that the Second Circuit would require a more developed record and that certification will only increase costs and delay this litigation.

■ The arguments on this requirement weigh in favor of INA. Even if this court certifies an issue for review, the appellate court is not required to hear it. *See* 28 U.S.C. 1292(b) (appellate court has discretion to hear interlocutory certification). Merely because the appellate court may deny such a review, or may not reverse, however, is not sufficient reason to prevent certification. The more important inquiry is whether resolution of the issues may be dispositive or may materially affect the outcome of the litigation. In this case, a decision from the Second Circuit would clarify the rights of the parties or terminate the litigation. In either event, a decision on the controlling issue of law may materially advance the ultimate termination of the litigation.

### D. Conclusion

Therefore the court finds that the issues on which it denied INA's motion for summary judgment, (1) Whether the pollution exclusion clauses found in the general liability policies apply to the contractual liability policies; and (2) Whether former New York

Insurance Law § 46(14) (McKinney 1971) (repealed 1982, ch. 856), implies a pollution exclusion clause into the contractual liability policies as a matter of law, involve controlling issues of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

## II. STAY OF PROCEEDINGS

■ If their motion for certification under 28 U.S.C. 1292(b) is granted, INA seeks to stay the current proceedings. The insured have not opposed this specifically, but have generally opposed any certification. The court finds that an application for an appeal based on this Decision and Order shall stay the current proceedings in the district court.

## III. ATTORNEYS' FEES

■ The insured seek to recover attorneys' fees incurred while litigating the summary judgment motions. It is well settled under New York law that "attorneys' fees may not be had in an affirmative action brought by an [insured] to settle its rights ... but only when [the insured] has been cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obligations." *Mighty Midgets v. Centennial Ins. Co.*, 47 N.Y.2d 12, 416 N.Y.S.2d 559, 389 N.E.2d 1080 (Ct.App.1979).

INA contends that the insured were the aggressors and that any fees awarded should be limited because the Maestris filed cross motions. The court disagrees.

A review of the procedural posture of this case shows that INA was the aggressor. In 1992 Westlake brought a third-party declaratory judgment action against INA. Westlake then moved against INA for partial summary judgment seeking a declaration that INA was required to defend Westlake and to pay for independent counsel. INA cross-moved for summary judgment disclaiming coverage. The court, per Judge McAvoy, granted Westlake's motion and denied INA's motion with leave to renew after discovery.

The issues here revolve around INA's renewal of that motion for summary judgment.

INA renewed its summary judgment motion against Westlake on September 27, 1994. As between those two parties there was an underlying declaratory judgment action. However, INA also moved for summary judgment against Solvay and the Maestris even though there was no underlying complaint between those parties. The court allowed the motions based on the parties' stipulation, which provided that the pleadings were to be amended under Fed.R.Civ.Proc. 15(b) "to include all parties, issues and claims with respect to coverage presented in the pending motion for summary judgment, including all issues relating to [the insurance policies at issue]." *See* Stipulation dated August 14, 1994 (Docket # 81). Solvay and the Maestris cross-moved for summary judgment only after they were served with INA's motion. Even though there was no underlying declaratory judgment action between them, the insured were forced to respond to INA's motion. Ultimately the court found that INA has a continuing duty to defend Solvay and the Maestris on the contractual liability policies, and thus the insured were partially successful in their defense of INA's motion. By responding to INA's motion, the insured were "cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obligations" and are therefore entitled to attorneys' fees. *Mighty Midgets v. Centennial Ins. Co.*, 47 N.Y.2d 12, 416 N.Y.S.2d 559, 389 N.E.2d 1080 (Ct.App.1979).

## IV. CONSOLIDATION

■ Under Fed.R.Civ.Proc. 42(a) the court may order actions consolidated when they involve common questions of law or fact and to avoid unnecessary costs and delay. Here the court finds that there are common issues of law and fact in the two above captioned matters and orders that they be consolidated for all further proceedings.

Therefore it is hereby

ORDERED that the court finds that the issues on which it denied the Insurance Company of North America's motion for summary judgment:

(1) Whether the pollution exclusion clauses found in the general liability policies

apply to the contractual liability policies; and

(2) Whether former New York Insurance Law § 46(14) (McKinney 1971) (repealed 1982, ch. 856), implies a pollution exclusion clause into the contractual liability policies as a matter of law,

involve controlling issues of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation; and it is further

ORDERED that an application for an appeal based on this Decision and Order shall stay the current proceedings in the district court; and it is further

ORDERED that Solvay Iron Works, Inc., Bert Maestri and John Maestri are entitled to attorneys' fees incurred in defending the Insurance Company of North America's motion for summary judgment; and it is further

ORDERED that the above captioned matters be consolidated under Fed.R.Civ.Proc. 42.

**IT IS SO ORDERED.**