**IDYLWOODS ASSOCIATES, and Kam, Inc., Plaintiffs,**

**v.**

**MADER CAPITAL, INC., Slate Bottom Creek Apartments, Inc., Marc Equity Partners I, Trustees of the Mader Construction Corporation Employees Profit Sharing Plan (formerly the Mader Corporation Employees Profit Sharing Plan), Witben Realty Corporation, Sereth Properties, Inc., Wolsher, Inc., Universal Marion Corporation, American Premier Underwriters, Inc., and Louis E. Wolfson, Defendants.**

No. 91–CV–364S(F).

United States District Court, W.D. New York.

Feb. 26, 1997.

Phillips, Lytle, Hitchcock, Blaine & Huber, Buffalo, NY (Robert E. Glanville, of counsel), for Plaintiffs.

Duke, Holzman, Yaeger & Radlin, Buffalo, NY (Peter G. Ruppar, of counsel), for Mader Capital, Slate Bottom Creek Apartments, Marc Equity Partners, Trustees of Mader Profit Sharing Plan.

Periconi & Rothberg, P.C., New York City (James J. Periconi, of counsel), for American Premier Underwriters.

Harter, Secrest & Emery, Buffalo, NY (Craig A. Slater, of counsel), for Witben Re-

alty, Sereth Properties, Wolsher, Inc., and Universal Marion Corp.

Connors & Vilardo, Buffalo, NY (Lawrence J. Vilardo, of counsel), for Louis E. Wolfson.

Williams & Connolly, Washington, D.C. (Steven M. Umin, Dane H. Butswinkas, of counsel), for Louis E. Wolfson.

### DECISION and ORDER

FOSCHIO, United States Magistrate Judge.

### JURISDICTION

The parties to this matter executed a consent to proceed before the undersigned on Defendants' summary judgment motions on March 6, 1995. The matter is presently before the court on Defendants Witben and Universal Marion's motion to amend the court's Decision and Order of February 16, 1996 to certify legal issues for interlocutory appeal to the United States Court of Appeals for the Second Circuit, dated July 15, 1996.

### BACKGROUND and FACTS

This action alleging claims under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") was originally filed on June 5, 1991. An amended complaint was filed on March 8, 1993 adding Penn Central, Witben Realty, Sereth Properties, Wolsher, Inc., Universal Marion, and Louis E. Wolfson ("Wolfson") as party defendants. American Premier Underwriters, Inc. ("APU") was substituted for Penn Central, as a successor corporation, on May 18, 1994. On June 20, 1994, APU filed a cross-claim against Defendants Witben, Sereth, Wolsher, Universal Marion, and Wolfson alleging three causes of action, two claims under CERCLA and one state claim for contribution.

On April 17, 1995, APU filed a motion for summary judgment on its cross-claims under CERCLA. On the same day, Wolfson filed a motion for summary judgment on the ground that he was not liable to APU for any damages or costs under CERCLA or any other theory of liability. Witben, Sereth, Wolsher, and Universal Marion filed a similar motion.

On February 16, 1996, this court issued a Decision and Order, 915 F.Supp. 1290, granting APU's motion for summary judgment as against Witben and Universal Marion as the current owners of the property in dispute, as against Witben and Universal Marion as the current operators, and denying APU's motion for summary judgment against Wolfson as a current owner and/or operator. The court also denied APU's motion for summary judgment as against Witben, Universal Marion, and Wolfson as operators of a facility at the time of disposal of hazardous wastes. The court denied Wolfson's motion for summary judgment against APU. The court granted Wolfson's, Witben's, and Universal Marion's motions for summary judgment on the theory of passive disposal during Witben's ownership of the property. The court also granted Sereth Properties' and Wolsher's motion for summary judgment.

On June 24, 1996, Defendants Wolfson, Witben, and Universal Marion filed motions for reconsideration of issues decided in the February 16, 1996 Decision and Order. Those motions are discussed in a separate opinion. Thereafter, on July 15, 1996, Defendants Witben and Universal Marion filed a motion to certify legal issues for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), along with a supporting memorandum of law. Defendant APU filed an affirmation in opposition to Witben's and Universal Marion's motion, along with memorandum of law.

For the reasons as set forth below, Defendant Witben and Universal Marion's motion is DENIED.

### DISCUSSION

The facts of this case were set forth in the court's February 16, 1996 Decision and Order, familiarity with which will be assumed. Defendants Witben and Universal Marion now seek to amend the court's decision and order to provide for an interlocutory appeal to the Second Circuit, pursuant to 28 U.S.C. § 1292(b).

■ Under 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal upon a finding that such order involves a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). The Second Circuit has mandated that use of this certification procedure be "strictly limited [because] only 'exceptional circumstances [will] justify a departure from the basis policy of postponing appellate review until after entry of a final judgment.'" *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir.1990) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 98 S.Ct. 2454, 2461, 57 L.Ed.2d 351 (1978)). In addition, the Second Circuit has "urge[d] the district courts to exercise great care in making a § 1292(b) certification." *Westwood Pharmaceuticals, Inc. v. National Fuel Gas Distribution Corp.*, 964 F.2d 85, 89 (2d Cir.1992). The granting of certification under this section is solely within the district court's discretion. *Maestri v. Westlake Excavating Co., Inc.*, 894 F.Supp. 573, 577 (N.D.N.Y.1995).

Witben and Universal Marion seek to certify the following questions of law for interlocutory appeal:

(1) Does failure to implement site perimeter security measures and/or failure to prevent rain from causing contaminants to migrate constitute, as a matter of law, failure to take Due Care and Precaution under the third party/innocent purchaser defense and the provisions of § 9607(b)(3)(a) and (b)?

(2) Does CERCLA preempt state capacity laws so that a corporation properly dissolved under local state law may be sued under the federal CERCLA statute?

■ In order to be certified, a district court must find, in its discretion, that there is (1) a controlling issue of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *Maestri, supra*, at 577. A controlling issue of law does not have to be dispositive of the case, it only has to be an issue that could materially affect the outcome of the case. *Id.*

The court will address each question separately.

### 1. *Question 1*

■ Witben and Universal Marion first seek an interlocutory appeal of this court's determination that they are not entitled to use the third party defense under 42 U.S.C. § 9607(b)(3), and that neither corporation used due care or precaution with regard to contamination at the site. In framing their argument, Witben and Universal Marion characterize the court's holding as a determination that, as a matter of law, Witben's and Universal Marion's failure to implement and maintain site perimeter security measures and to prevent, through the use of affirmative remedial actions, weather factors from causing the migration of contaminants was a failure to exercise due care under CERCLA. APU, in opposition to the motion, asserts that these two factors were not the only factors that led to the court's determination.

First, the court notes that, while the issue raised is one that could materially affect the outcome of the case, there is no basis to find that a substantial ground for a difference of opinion exists as to the controlling question of law, *i.e.*, due care. The Second Circuit, in a recent decision, *State of New York v. Lashins*, 91 F.3d 353 (2d Cir.1996), discussed the third party defense and the requirement of due care in great detail. In discussing the third party defense under § 9607(b)(3), the court noted that "the defendant must demonstrate that he took all precautions with respect to the particular waste that a similarly situated reasonable and prudent person would have taken in light of all relevant facts and circumstances." *Lashins, supra*, at 361. The court further observed that "due care would include those steps necessary to protect the public from a health or environmental threat," *Lashins, supra*, at 361 (citing *United States v. A & N Cleaners & Launderers, Inc.*, 854 F.Supp. 229, 238 (S.D.N.Y. 1994)), and *Kerr–McGee Chem. Corp. v. Lefton Iron & Metal Co.* 14 F.3d 321, 325 & n. 3 (7th Cir.1994) (for the proposition that due care is not established when no affirmative measures are taken to control a hazardous waste site). As such, the *Lashins* court

agreed with the principle that "due care" requires an affirmative response. Indeed, in *Lashins*, the court, in sustaining summary judgment in the defendant's favor, stressed the affirmative steps which the defendant had taken. *Lashins, supra*, at 358.

In Witben's and Universal Marion's memorandum, they also note that courts have held that the concept of "due care" requires an affirmative response, citing cases. Memorandum of Law, dated July 15, 1996, at p. 12 n. 4 (citing *Foster v. United States*, 922 F.Supp. 642 (U.S.D.C.1996); *Westfarm Associates v. Washington Sub. San. Com'n*, 66 F.3d 669 (4th Cir.1995); *United States v. Lecarreaux*, 1991 WL 341191, 1991 U.S.Dist. LEXIS 19273 (July 30, 1991); *State of Washington v. Time Oil Company*, 687 F.Supp. 529 (W.D.Wash.1988); *United States v. Tyson*, 25 ERC (BNA) 1897, 1986 WL 9250 (E.D.Pa.1986)). However, they argue that other courts are in disagreement with an "affirmative action" stance. Memorandum of Law, at p. 12. Nonetheless, the only case they cite in support of this proposition is *Redwing Carriers v. Saraland Apartments, Ltd.*, 875 F.Supp. 1545 (S.D.Ala.1995), where the court held that "due care" only required that an owner "... not significantly worsen the problem." *Redwing Carriers, supra*, at 1545.

Given the recent decision in *Lashins*, however, the court finds that there is not, within the Second Circuit, a substantial ground for a difference of opinion on the issue of due care. Within the Second Circuit, it appears to this court that a party must take affirmative actions to avoid CERCLA liability based on the third party defense. Witben and Universal Marion do not contend that any steps they could have taken would have "significantly worsen[ed] the problem." *Redwing Carriers, Inc., supra*, at 1545.

Second, the question which Defendants seek to certify to the Second Circuit does not fully state the grounds upon which this court relied when it found that Witben and Universal Marion were not entitled to raise the third party defense. In making its determination, the court found that, upon Defendants learning of the hazardous waste problem, rather than taking affirmative steps to

prevent continued contamination of the site, Witben and Universal Marion attempted to distance themselves from the property, going so far as to cease paying property taxes on the site, in the hope that town and county officials would foreclose on the property and take it off their hands. While Universal Marion contracted with a environmental firm, Recra Research, to conduct testing at the site, Recra's recommendations to remove materials and drums from the site went unheeded, along with the requests from governmental environmental authorities. Counsel for Universal Marion simply determined that Witben did not have the money necessary to take any affirmative actions, and recommended that Universal Marion no longer pay the property taxes associated with the site, as the site was worthless. Requests from the town to place a fence and signs were ignored until town and environmental officials placed warnings on the property themselves at the town's expense.[1] Universal Marion's main affirmative action was to vote to dissolve the corporation and to begin to distribute assets to the shareholders for the sole purpose of liquidating the company and commencing the statute of limitations period during which the corporation could still·be sued. Universal Marion and Witben have not addressed these findings in its question which it seeks to certify, and, thus, the court concludes that the question which Defendants seek to certify to the Second Circuit is incomplete as it does not set forth the entire holding of this court.

■ As another argument in favor of certification, Witben and Universal Marion contend that some courts are uncertain as to what is required by CERCLA's "due care" standard, preferring to leave the issue to ·a jury to determine. Memorandum of Law, at p. 13 n. 5 (citing cases). However, given the Second Circuit's holding in *Lashins,* upholding in that case the use of the third party defense on summary judgment, it appears to this court that the Second Circuit does not require the issue to go to the jury, and thus, the fact that, in this case, the court decided the issue of the third party defense on summary judgment does not raise a question requiring immediate review regarding the propriety of the court's ruling.

Finally, as to Witben's and Universal Marion's argument that an immediate appeal of this issue will materially advance the termination of the litigation, the court concludes that, in actuality, proceeding immediately to appeal of this issue will have the effect of prolonging the time that it takes to go to trial. The fact that all of the witnesses who would testify at trial on the factual circumstances involved in the issue of "due care" are advanced in age leads this court to believe that this case should go to trial sooner rather than later. The court determined that, based on the undisputed facts, Witben and Universal Marion were not entitled to the use of the third party defense. However, the court also declined to grant summary judgment on the same issue as to Wolfson. As such, in any trial on the merits, the issue of due care will be litigated as to Wolfson through the use of the same witnesses, and going to trial more expeditiously should alleviate Witben's and Universal Marion's concerns as to the age of their witnesses. If, after trial, it is found that Wolfson is liable, the Second Circuit will have a full record on which to decide whether Wolfson is, as a matter of law, not liable. As such, the issue will be definitively resolved without the substantial delay of the requested certified appeal.

In summary, the court finds that, while the issue presents a controlling issue of law, there is neither a substantial ground for a difference of opinion on the issue, nor would an interlocutory appeal materially advance the ultimate termination of the litigation. As such, Defendant Witben and Universal Marion's motion for an interlocutory appeal on this issue is DENIED.

### 2. *Question 2*

■ Witben and Universal Marion also seek interlocutory appeal of the issue as to whether CERCLA preempts state capacity

---

1. The hazardous wastes at the site included PCBs and other substances known for their toxic effects on humans.

laws so that a corporation that has been properly dissolved under local state law may be sued under CERCLA. In its February 16, 1996 Decision and Order, this court determined that CERCLA preempted Florida law so that Universal Marion, which was dissolved in 1984, could be sued under CERCLA, notwithstanding the fact that more than three years had passed from the date of dissolution, the statute of limitations period under Florida law.

The issue raised by Witben and Universal Marion is a controlling issue of law as, if CERCLA does not preempt Florida state law on this issue, Universal Marion may not be sued under CERCLA. As a reversal of the court's order would terminate the action as to Universal Marion, the issue can be deemed controlling. *Klinghoffer, supra,* at 24. The issue remains, however, as to whether or not there is a substantial ground for a difference of opinion on this question.

In its February 16, 1996 Decision, this court noted that courts have disagreed as to the liability of a dissolved corporation under CERCLA, but found that the majority of courts have held that CERCLA preempts state capacity laws to the extent their operation would shield a dissolved corporation from CERCLA liability. Decision and Order, 915 F.Supp. at 1303. While as of the date of this Decision and Order, the Second Circuit has still not yet ruled on the issue, another judge of this district also recently held that CERCLA preempts state capacity laws. *State of New York v. Panex Industries,* 1996 WL 378172 at *5 (W.D.N.Y.1996) (CERCLA supersedes Fed.R.Civ. P. 17(b) and preempts state law in CERCLA actions for recovery of costs and damages) (citing cases). In contrast, the Third, Eighth, and Ninth Circuits have held that state corporation capacity statutes are not preempted by CERCLA. *Witco Corp. v. Beekhuis,* 38 F.3d 682 (3d Cir.1994); *Louisiana–Pacific Corp. v. ASARCO, Inc.,* 5 F.3d 431, 433–34 (9th Cir.1993); *Onan Corp. v. Industrial Steel Corp.,* 770 F.Supp. 490, 495 (D.Minn.1989), *aff'd without op.,* 909 F.2d 511 (8th Cir.), *cert. denied,* 498 U.S. 968, 111 S.Ct. 431, 112 L.Ed.2d 414 (1990).

■ Nonetheless, despite this split of authority among the federal courts, this court does not find it appropriate to certify this question to the Second Circuit. "A certification pursuant to § 1292(b) is to be used only in extraordinary cases where a decision might avoid protracted and expensive litigation, and should not be used merely to provide review of difficult rulings in hard cases." *McCann v. Communications Design Corp.,* 775 F.Supp. 1506, 1534 (D.Conn.1991) (citing *United States Rubber Co. v. Wright,* 359 F.2d 784 785 (9th Cir.1966)). The court finds that, while there is a difference of opinion on the issue, certification of this question to the Second Circuit will not materially advance the ultimate termination of the litigation. Even if the Second Circuit were to agree with Universal Marion, APU would argue that Universal Marion was improperly dissolved, and thus, still subject to CERCLA liability, notwithstanding its purported dissolution. APU's Memorandum of Law, at p. 15. To dismiss Universal Marion from this lawsuit, continue the proceedings with the remaining parties, and then to litigate the question of the propriety of Universal Marion's dissolution, with a possible result that Universal Marion would indeed be subject to CERCLA liability would, in this court's opinion, prolong rather than shorten the period of litigation. This court finds that the question regarding Universal Marion's capacity to be sued is not an exceptional circumstance justifying immediate appellate review. Rather, following trial in this action, Universal Marion would be free to take an appeal, if necessary, on the issue.

Therefore, as a decision on this issue would not materially advance the ultimate termination of this litigation, the court declines to certify this question to the Second Circuit pursuant to 28 U.S.C. § 1292(b).

### CONCLUSION

Based on the foregoing, Defendants Witben and Universal Marion's motion to certify legal issues for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is DENIED.

SO ORDERED.